## TUCKER *against* BRADLEY.

Tucker
*v.*
Bradley.

If a plaintiff in a writ of attachment is desirous of having it served immedi-ately, he has a right so to direct the officer, when he delivers it to him; and the officer receiving it under such direction, is bound to follow it, and on failure, is answerable for the consequences.

So if the officer has knowledge, or reasonable ground of belief, that there will be danger of loss to the creditor in delaying the service, he is bound to make immediate service.

But in the absence of all direction from the creditor, and of all knowledge or ground of belief, on the part of the officer, of danger resulting from a delay, he is bound only to exercise ordinary diligence ; and, generally, has a right to serve the process, at any time within the period prescribed by law.

Writs in an officer's hands for service are entitled to priority of service accord-ing to the order in which they were delivered to him for that purpose ; and he is not guilty of unnecessary delay in serving a writ, if he has been engaged in the service of other writs previously delivered to him for service, and has consumed no more time in their service than was necessary for that purpose.  (*a*)

But if he is employed not only as an officer to serve such prior writs, but also to negotiate, settle, compromise or obtain payment of the claims in suit, such employment is a *personal agency ;* and while he is engaged in the duties of that employment, the time so spent is to be excluded from the estimate, in ascertaining the time necessarily occupied in official duty.  (*a*)

Where the court instructed the jury, on the trial of an action against an officer for neglect of official duty, that where a writ of attachment is delivered to an officer, it is his duty to serve it, without any unnecessary delay ; and if delivered without any special instructions as to its service, he is not to be deemed guilty of such delay, if he exercises ordinary diligence in serving the writ ; and he is not bound to employ the time for that purpose, which is usu-ally devoted to rest or refreshment ; and the jury gave a verdict for the plaintiff ; on a motion for a new trial, by the defendant, it was held, that as the jury might infer from the charge, that an officer, after receiving a writ without any instructions, could not spend more time before the service, than what is usually devoted to rest and refreshment ; and as this would be laying down the rule with too great rigour, and might have operated on the minds of the jury to the prejudice of the defendant, a new trial ought to be granted.

THIS was an action on the case against the defendant, as a constable of the town of *Plymouth*, for neglect of official duty in the service of two writs of attachment in the plain-tiff's favour against *Percival T. Butler.*

The cause was tried at *Litchfield, February* term, 1842, before *Storrs*, J.

(*a*)  Taken from the charge on the trial.  These positions, though not for-mally confirmed by the court, (which the case did not call for,) were not over-ruled, but implicitly sanctioned.

In the afternoon of *Friday*, the 2nd of *August*, 1839, the plaintiff, by his agent, *James T. Henderson*, put the writs of attachment mentioned in the declaration into the hands of the defendant for service; he being then a constable of the town of *Plymouth*. At this time, *Butler*, the debtor, owned the real estate described in the declaration. Early in the morning of *Monday*, the 5th of *August*, *Butler* conveyed said estate to *Augustus S. Johnson*, in trust for the use and benefit of all his creditors; having at no time any other real estate, or any personal property; nor was he, at any time, within the precincts of the defendant, while the defendant held said writs in his hands for service. The agent of the plaintiff, when he delivered said writs to the defendant, directed him to levy them on said land.

The plantiff claimed to have proved, that when the writs were so put into the defendant's hands for service, he was directed, by the plaintiff's agent, to levy them on said land, either on the evening of the day when they were so delivered, or early the next morning.

The defendant claimed to have proved, that at the delivery of the writs for service, he informed the plaintiff's agent, that he, the defendant, should be obliged to attend to other official business the next day, in consequence of which he could not levy the writs on said real estate, until the next *Monday* morning, which was the 5th of *August*; that the plaintiff's agent assented to this, and agreed to the postponement of the service until that time; that early in the morning of *Monday*, the 5th of *August*, he, the defendant, left home, to serve said attachments, and calling at the office of the town-clerk, he found that *Butler* had, on that day, and just before, executed a conveyance of said land to *Johnson*, so that it would be useless for the defendant to proceed further with the service of the attachments.

The plaintiff denied that this evidence proved, that his agent agreed or assented to the postponement of the service until *Monday*; or that there was any such assent or agreement; but claimed, that if any such assent or agreement was proved, it was also proved to be on condition that the defendant should be occupied with official business until that time.

The defendant also offered evidence to prove, that at the delivery of said attachments to him, he held in his hands for

*Litchfield,*
June, 1842.

Tucker
*v.*
Bradley.

service two other writs of attachment in favour of one *Blakeslee* against one *Fenn*, returnable before a justice of the peace, on the 10th day of *August;* which writs it was the duty of the defendant to serve, and which he was about to serve, when he received said attachments of the plaintiff; that early on the 3rd of *August*, the defendant proceeded to serve the attachments in favour of *Blakeslee* against *Fenn*, and having commenced the service thereof, *Fenn* requested him to postpone the levy, for a reasonable time, that he might settle the claims; that the defendant thereupon complied with this request, and assisted the parties in those suits in arranging and settling the claims ; and that in the course of that day, they effected a settlement of such claims, so that the defendant was discharged from all further obligation to complete the service of those writs, and did nothing further with them.    These proceedings, the defendant claimed, were reasonable and according to the usual course of the service of attachments in this state.    He also claimed, that the whole of his time from the delivery of the plaintiff's attachment to him, until he proceeded to serve them, on *Monday* morning, except the *Sabbath*, and the time required for necessary refreshment and repose, was necessarily occupied in the service of the attachments in favour of *Blakeslee*, and the discharge of his duties appertaining thereto.

It was proved and admitted, that the land in question lay within about two miles of the defendant's residence ; that it was of easy access; and that its particular location was well known to the defendant, at the time the plaintiff's writs were placed in his hands.

The defendant requested the court to charge the jury, that if the plaintiff's attachments were delivered to the defendant without instruction as to the time of service, and without information of any fact evincing the importance of early or immediate service, and if the defendant had no knowledge of any such facts, he might, without being guilty of neglect of duty, serve the plaintiff's writs, at any time before the expiration of the period limited by law for the service thereof ; that under such circumstances, the postponement of the service for a reasonable time—and, in this case, until the morning of the next succeeding *Monday*—did not constitute a neglect of duty for which the defendant would be liable ; that he had

a right to serve all attachments, which he received prior to those of the plaintiff, and which he then held in his hands unexecuted ; that the defendant was not guilty of neglect of duty in not serving the attachments of the plaintiff before the conveyance to *Johnson*, provided the jury should find, that the whole time of the defendant, with the exceptions before specified, from the receipt of the plaintiff's writs to the execution of the conveyances on *Monday* morning, was reasonably occupied in the service of the attachments against *Fenn*, and in the discharge of his official duties appertaining thereto ; that when the defendant commenced the service of the latter attachments, he might, for a reasonable time, suspend the service thereof, to enable *Fenn* to settle the claims against him, and might, during such time, assist him in such settlement, without making himself liable to the plaintiff for a neglect of duty in not serving the attachments, during such suspension.

*Litchfield,*
*June,* 1842.

Tucker
*v.*
Bradley.

The court charged the jury as follows : " When a writ of attachment is delivered to an officer for service, it is his duty to serve it, without any unnecessary delay ; and whether there has been such delay, depends on the particular circumstances of the case, and is a question of fact for the jury to determine. If the writ is delivered to him, without any special directions as to its service, he is not to be deemed guilty of unnecessary delay, if he exercises ordinary diligence in serving the writ ; and he is not bound to employ, for that purpose, the time which is usually devoted to rest or refreshment. But extraordinary diligence may be imposed on the officer, by the circumstances of the case ; and if he has knowledge from any quarter, or reasonable ground to believe, that there will be danger to the creditor, in delaying the service ; or if he has special directions from the plaintiff, or his attorney or agent, to serve the writ without delay ; it is his duty to serve it immediately ; and if he neglects to do so, he makes himself liable to the creditor for any loss that the latter may sustain, by reason of his not doing so.

" Writs in an officer's hands for service, are entitled to priority of service, according to the order in which they were delivered to him for that purpose ; and he is not guilty of unnecessary delay in serving a writ, if he has been engaged in the service of writs which were previously delivered to him

for service, and has consumed no more time than was necessary for their service. But in the service of such prior writs, he is only to be allowed for that purpose, the time occupied necessarily in his official duty ; that is, while engaged in the business of serving such writs. If he is employed not only as an officer to serve such writs, but also, by the plaintiff, or any other person, to negotiate, settle, compromise or obtain payment of the claim, the employment of him for such purposes, is a personal agency, and while he is engaged in the duties of that employment, he is not deemed to be *officially* employed ; and that time is not to be considered as spent officially in the business of serving such writs, but is to be disallowed as time spent in official business, in ascertaining whether there has been unnecessary delay on the part of the officer.

" If, when a writ is delivered to an officer for service, the plaintiff gives him liberty or permission to postpone the service of it until a particular time, the officer is not liable for postponing it until that time ; and if such liberty or permission is granted by the plaintiff conditionally, the officer is not liable, if he complies with the terms of such condition. In these cases, he is not chargeable with unnecessary delay or negligence, and is not liable to the creditor, in consequence of such postponement."

In conformity with these principles, the court instructed the jury to render their verdict, as they should find the facts in the case.

The jury returned a verdict for the plaintiff; and the defendant moved for a new trial for a misdirection.

*W. W. Ellsworth*, in support of the motion.

*L. Church*, contra.

WAITE, J. When a plaintiff in a writ of attachment, is desirous of having it served immediately, he has a right so to direct the officer, when he delivers to him the process. And the officer receiving it, under such instructions, is bound to follow them, and, on failure, is answerable for the consequences.

*Litchfield*,
June, 1842.

Tucker
*v.*
Bradley.

But when no such instructions are given, the officer is not bound to act with that degree of vigilance, and generally has a right to serve the process, at any time within the period prescribed by law. He is indeed bound to act reasonably; and if, as the court instructed the jury, he has knowledge, or reasonable ground to believe, that there will be danger resulting to the plaintiff, by delaying the service, he is bound to act with greater diligence.

In the absence of all instruction from the plaintiff or creditor, and of all fear that any danger would result from a delay, he is not bound to proceed forthwith, upon the receipt of the writ, to serve it. He does not become an insurer that no loss shall happen to the plaintiff or creditor, in consequence of any delay on his part to serve the process. Such, it is believed, is the practical construction given to the law upon this subject.

Thus, when the creditor upon an execution is apprehensive that his debt will be lost, unless his writ is immediately levied, he may direct the officer to proceed forthwith. But if no such directions are given, and no ground exists for apprehending any danger by delay, the officer may fairly infer that he has a right to levy at his convenience, provided he makes his return according to the requirements of the writ.

No injustice is done to the creditor, by an adherence to this rule; because it is in his power, at any time, to require of the officer greater diligence, or make him responsible for any loss occasioned by further delay.

Although the instructions given to the jury, in this case, were generally correct; yet, we are apprehensive, that in one particular, the jury may have been misled, by the charge.

The court informed them, that where a writ of attachment is delivered to an officer, it is his duty to serve it, without any unnecessary delay; and if delivered without any special instructions as to its service, he is not to be deemed guilty of delay, if he exercises ordinary diligence in serving the writ; and he is not bound to employ the time for that purpose, which is usually devoted to rest or refreshment.

If from this the jury might infer, that the officer, after receiving a writ, without any instructions, could not spend more time, before the service, than what was usually devoted to rest and refreshment, we think the rule was laid down with

too great rigour, by the court. And as such an effect may have been produced upon their minds, by the charge, and as this may have operated upon them to the prejudice of the defendant, we think a new trial should be granted.

In this opinion the other Judges concurred, except Storrs, J., who, though he concurred in the principles of law therein contained, thought the charge complained of, was, on a just construction of it, in accordance with those principles, and on that ground, he should not advise a new trial.

New trial to be granted.