NATHANIEL B. DAYTON *vs.* SAMUEL LYNES, ADMINISTRATOR OF JACOB VAN ZANT.

Where an execution is delivered to an officer to serve, and no instructions are given him, he has a right to presume that it issued on the day when the judgment was rendered, and that he has the whole sixty days allowed by the execution, for its service and return.

Where, in such circumstances, an officer made demand on receiptors for personal property attached in the suit and delivered to them, which demand was made within the time allowed by the terms of the execution for its service and return, but after the lien of the attachment had expired by the lapse of sixty days from the time of the judgment, the execution having been issued some time after the rendition of the judgment, but no information of that fact having been given to the officer, it was held that he was not chargeable with official negligence.

Held also, that the fact that the debtor had become insolvent before the judgment was rendered and that the execution could be collected only out of the attached property, and that this was known to the officer, did not affect the case.

CASE, for the negligence of a deputy sheriff in the keeping of attached property and the service of an execution, by which the debt was lost; tried in the superior court, on the general issue closed to the court, before *Waldo, J.* Judgment for the defendant. Motion for a new trial by the plaintiff. The case is sufficiently stated in the opinion.

*Belden,* in support of the motion, cited *Frost* v. *Dougal,* 1

Day, 128; *Tucker* v. *Bradley*, 15 Conn., 46; remarks of Morton, J., in *Donham* v. *Wild*, 19 Pick., 521.

*Carter*, with whom was *Loomis*, contra, cited Drake on Attachments, § 332; *Farnham* v. *Gilman*, 11 Shep., 250; *Tucker* v. *Bradley*, 15 Conn., 46; *Donham* v. *Wild*, 19 Pick., 520.

SANFORD, J.   Upon a writ of attachment in favor of Dayton-against David S. Edwards, Wheeler, a deputy sheriff, attached the personal property of Edwards, and by direction. of the plaintiff took the receipt of the defendant and Lewis Edwards for the property so attached.   The plaintiff recovered a judgment in the original suit on the 2d day of November, 1859, and he afterwards took out an execution on the judgment dated December 2d, 1859, returnable sixty days from its date, and on the 15th day of December delivered it to Wheeler for collection, giving him no information regarding the time when the judgment was in fact rendered, and no special instructions in relation to the enforcement of the execution; and the superior court found that Wheeler was not informed, and had no reason to know, that the judgment was not rendered on the day the execution issued and bore date.   D. S. Edwards became insolvent before the judgment was rendered, and no part of the execution could at any time during its life have been collected from his property.   Wheeler could find no property on which to levy the execution.   He demanded the property attached of both of the receiptors within the life of the execution, but not within sixty days after the judgment was rendered, and he afterwards returned the execution unsatisfied.   This action was thereupon brought against the sheriff for the default of his deputy Wheeler, in not keeping the attached property so that it might be taken on the execution to satisfy the judgment.

We think the judgment of the superior court in the defendant's favor was clearly right.

The statute (Rev. Stat., tit. 1, § 19,) provides that no estate attached " shall be held to respond the judgment obtained by

the plaintiff at whose suit the same is attached, unless such judgment creditor shall take out execution on such judgment and have the same levied on goods or personal estate, within sixty days after final judgment shall have been obtained." In this case the plaintiff's instructions to Wheeler to take the receipt of D. S. & L. Edwards for the goods attached, absolved the deputy, and consequently the sheriff, from all responsibility, either for the custody of the property or the pecuniary ability of the receiptors ; and it would seem to be a sufficient answer to this suit for the default of the deputy *in not keeping the goods*, that he disposed of them in exact conformity to the instructions of the plaintiff. So that, whether the deputy sheriff was guilty of negligence in not making demand of the receiptors in due time or not, is immaterial, as *that* is not the negligence or default complained of in this declaration.

But however that may be, there is nothing in this record which shows that the deputy sheriff was guilty of any negligence or default in relation to the service of the execution after it came into his hands. No special instructions regarding its service were given to him, nor does it appear that he had any information calculated to accelerate his movements. The precept delivered to him did not inform him on what day the judgment was rendered, and by its terms it allowed him the full term of sixty days from its date to do execution. It was his duty to demand the goods of the receiptors, but without special instructions or the knowledge of some fact showing the importance of doing it immediately, or in any period less than the whole sixty days, it was *prima facie* enough to exonerate him from the charge of official negligence, that he made demand within the period allowed him by his precept.

That is the doctrine enunciated by the court in regard to the duty of an officer in the service of an attachment, in the case of *Tucker* v. *Bradley*, 15 Conn., 46 ; and we think it applicable to the service of an execution also.

Had this officer been informed that the lien created by the attachment, and consequently that the liability of the receiptors, would be discharged before the expiration of the execution, it would have been his duty to make demand of the

receiptors in time to preserve such lien, or at any rate to exercise all reasonable diligence to that end. But he had a right to suppose that the judgment was rendered on the day the execution was issued, and he was under no obligation to seek for any further information on the subject than the execution contained.

It was claimed in the argument that the execution debtor's insolvency ought to have quickened the officer's diligence, but it does not appear that the officer was in fact informed of such insolvency ; and if he was, we do not see how his legal duty in regard to a demand could have been affected by the fact.

It was also said in the argument that the property was perishable, and for that reason the officer should have demanded it at an earlier day. Whether the property was perishable or not this record does not inform us, so that we have no occasion to decide what would be the effect of such a fact upon the legal duty of the officer.

Upon the whole we think the charge of official negligence and default in the deputy sheriff was conclusively repelled, and that a new trial should be denied.

In this opinion the other judges concurred.