JOHN FISCHER, Appellant, v. JOHN RAAB et al., Respondents.

In proceedings under the provision of the Code of Civil Procedure (§ 14) to punish as a contempt an act of misconduct or neglect of duty, in a civil action pending, it must be made to appear that the act or omission complained of is one "by which a right or remedy of a party * * * may be defeated, impaired, impeded or prejudiced;" and this must be adjudged to authorize the infliction of the punishment.

Upon hearing of cross motions, one to dissolve and the other to continue a temporary injunction, a contest having arisen·as to the facts, the court ordered a reference, the order providing that the party against whom the referee found the disputed facts should pay the expenses of the reference, the motions to stand over until the coming in of the report. The referee determined the contested facts in favor of defendants and caused notice to be served upon plaintiff stating that his report was ready, the purport thereof and the amount of his fees. Plaintiff not having paid the fees, the court, on proof of the fact and on motion of defendants' attorney, granted an order requiring plaintiff to pay within three days or show cause why he should not be committed for contempt for disobeying the order; and on return of the order and proof of non-payment an order directing that plaintiff be committed for contempt was granted. Held error, as there were no facts showing or adjudication holding that the alleged misconduct defeated, impaired, impeded or prejudiced any right or remedy of the defendants.

It seems that a referee in an action is not obliged to act, and may see to it before rendering service that he is reasonably certain his fees will be paid.

(Argued April 20, 1880; decided June 1, 1880.)

APPEAL from order of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming an order of Special Term.

The nature of the orders and the pertinent facts appear in the opinion.

*Samuel Hand* for appellant. The court below erred when it concluded to affirm the order, which it had declared was erroneous, and which it then determined should be reversed. (Code of Civil Proc., §§ 8–14; Rev. Stat., part 3, ch. 8, tit. 13; Edm. ed., vol. 2, 534; *People* v. *Hackley*, 24 N. Y. 75; *M'Comb* v. *Weaver*, 11 Hun, 273; *People* v. *Randel*, 73 N. Y. 416; *Slater* v. *Merrit*, 75 id. 268.) The order appealed from was

void, as it does not adjudicate plaintiff guilty of any act which the law recognizes as a contempt of court. (§ 20, tit. 13, ch. 8, part 3, Rev. Stat.; *Clark* v. *Binninger*, 75 N. Y. 35, 344; *Perkins* v. *Taylor*, 19 Abb. 147.) The referee's fees in this case are in the nature of interlocutory costs, and cannot be enforced by arrest. (Code, § 15; Laws of 1847, ch. 390; *Lansing* v. *Lansing*, 4 Lans. 395; *Ford* v. *Ford*, 10 Abb. Pr. [N. S.] 74; *Perkins* v. *Taylor*, 19 Abb. 146; Code of Civil Proc., § 799; *Pitt* v. *Davison*, 37 N. Y. 235; *Leland* v. *Smith*, 3 Daly, 320; *McKelsey* v. *Lewis*, 3 Abb. N. C. 67; *McComb* v. *Weaver*, 2 Hun, 273, and cases there cited; *Myers* v. *Trimble*, 3 E. D. Smith, 607; *Doran* v. *Dempsey*, 1 Brad. 490; *Weeks* v. *Smith*, 3 Abb. 211; *McCartin* v. *Suckel*, 10 Bosw. 694.) The order was also void on the ground that it called for an absolute commitment under proceedings in pursuance of section 5 of the statute, while at most a precept under section 4 of the statute could be issued. (*People* v. *Bennett*, 4 Paige, 282; *Patrick* v. *Warner*, id. 397; *Watson* v. *Nelson*, 69 N. Y. 537; *People* v. *Cowles*, 3 Abb. Ct. of App. Dec. 507; *In re Kelly*, 62 N. Y. 198.) The order directing plaintiff to pay $130, referee's fees, for the disobedience of which plaintiff was adjudged guilty of contempt, was irregular and void. (Code, § 799; 2 R. S. [Edm. ed.] 554, § 3; *McComb* v. *Weaver*, 2 Hun, 273.)

*J. C. Julius Langbein* for respondents. The power of the Court of Common Pleas to commit the plaintiff for misconduct and contempt in disobeying the order of the court, on his own stipulation, cannot be successfully denied. (Code of Proc., § 14; Laws 1876, ch. 449; 3 R. S. [6th ed., Banks] 839; *In re Watson* v. *Nelson*, 69 N. Y. 543; *People ex rel.* v. *Bergen*, 53 id. 404; 15 Abb. [N. S.] 97.) The neglect and refusal of the plaintiff to pay the referee's fees after he had stipulated to pay them gave the court power to commit him for his misconduct and contempt. (*Clark* v. *Binninger*, 75 N. Y. 352.) The fees of the referee were not costs, and did not come within that portion of subdivision 3, section 14 of the Code of Procedure. (*Concklin* v. *Taylor*, 68 N. Y. 224.)

EARL, J. This action was commenced to wind up a voluntary, unincorporated association. The plaintiff, as I infer, obtained a temporary injunction of some kind, and then he made a motion to continue the injunction and for the appointment of a receiver. That motion the defendants appeared to oppose, and they also moved to dissolve the temporary injunction. Upon the hearing of those motions there was a contest about the facts alleged in the affidavits of the defendants, and the court ordered a reference, under section 1015 of the Code. The order of reference provided that if the referee found the disputed facts in favor of the plaintiff, the defendants should pay the expenses of the reference; and if he found them in favor of the defendants, then the plaintiff should pay such expenses, and that the motions should stand over until the report of the referee should be produced before the court.

The parties proceeded to a hearing before the referee, and he determined the controverted facts in favor of the defendants, and he caused a notice to be served upon the plaintiff, stating that his report was ready and the purport of it, and that his fees were $130, which the plaintiff was required by the order of reference to pay. The plaintiff not having paid the referee's fees, the attorney for defendants made an affidavit showing that fact, and obtained of the court an order requiring the plaintiff to pay the referee his fees within three days, or show cause, at a time and place named, why he should not be committed for contempt, in disobeying the order and in not paying the fees. Upon the return of such order, it appearing that the plaintiff had not paid the fees, the court made an order that he be committed to the common jail of the county of New York, there to remain charged upon the contempt until he should pay the sum of $130 to the referee, together with the sum of $10 costs and expenses of the proceeding to the attorney of the defendants, such imprisonment not to exceed thirty days. The plaintiff appealed from this order to the General Term, and the court there reversed the order, on the ground that it did not appear in the papers that the person who demanded payment of the fees, and who served the order to show cause, was au-

thorized to receive payment; but the reversal was upon condition that the plaintiff should stipulate not to sue the defendants for false imprisonment. Subsequently, it appearing that the plaintiff refused to give the stipulation, the order was changed to one of affirmance, and then the plaintiff appealed to this court.

This proceeding was not instituted on behalf of the referee, to compel payment of his fees, and it could not have been. (*Perkins* v. *Taylor*, 19 Abb. Pr. 146.) A referee is not obliged to act, and before rendering service, he may see to it that he is reasonably certain that his fees will be paid. The proceeding is instituted on behalf of the defendants, and can be upheld only if some warrant for it can be found in the law. It is claimed to be warranted by section 14 of the Code, which provides that " a court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding pending in the court may be defeated, impaired, impeded, or prejudiced, in either of the following cases; " and then follow eight subdivisions, the third of which, relied upon by the defendants, is as follows : " A party to the action or special proceeding, an attorney, counselor, or other person, for the non-payment of a sum of money, ordered or adjudged by the court to be paid, in a case where, by law, execution cannot be awarded for the collection of such sum; or for any other disobedience to a lawful mandate of the court." It will be seen that the misconduct which can be treated and punished as a contempt must be such as to defeat, impair, impede or prejudice a right or remedy of a party to a civil action, and that the alleged misconduct does have such effect must be made to appear and be adjudicated. Here there are no facts showing that the alleged misconduct of the plaintiff had such effect. The defendants can pay the referee and take his report, and then have the fees taxed against the plaintiff upon final judgment, whether such judgment be in their favor or against them, and thus there would be no embarrassment to the defendants. It is not alleged, nor does it appear, that the

report was in any way important to the defendants. So far as appears, every right and remedy of the defendants were safe and complete without the report, except that proceedings upon the motions were stayed until its production; and it cannot be doubted that the stay would be at once vacated, when the facts were brought to the attention of the court. And there does not appear to have been any adjudication that the alleged misconduct defeated, impaired, impeded or prejudiced any right or remedy of the defendants. So far as appears in the papers before us, the sole purpose of the proceeding was to compel payment for the benefit of the referee, as the defendants were not liable to pay him. The plaintiff ought to pay the referee; but this is not the remedy to compel such payment. Before a party can be imprisoned for contempt, a reasonably clear case upon the law and the facts should be made; and it is quite certain that such a case was not made here.

Therefore without passing upon the particular points determined at the General Term, we are of opinion that the orders of the Special and of the General Terms should be reversed with costs, upon the appeal to this court, to the appellant.

All concur.

Orders reversed.