Daniels, J.
The affidavit upon which the motion was made, in the absence of any explanation on behalf of the defendant, did prove him to be in default for not making the payments to the plaintiff which he was required to make by the judgment. And as security for such payment could not be obtained from him, he could legally be punished for his failure to comply with the directions contained in the judgment. But as the order from which the appeal has been brought did not adjudge that his failure to pay had in any manner defeated, impaired, impeded or prejudiced the plaintiff in her rights, it has been objected to as insufficient for this purpose. And this objection seems to be well grounded. For while by section 1773 of the Code of Civil Procedure, the defendant may be punished for his failure to comply with the judgment the proceedings to be taken for that purpose must still be “as prescribed in title 3 of chapter 17 of this act.” And that title, by section 2266, has authorized the proceeding only when “a right, or remedy, of a party to a civil action, or special proceeding, pending in court, or before the judge, or the referee, may be defeated, impaired, impeded or prejudiced thereby.” And by section 2281 of the same Code, a commitment of the defendant can only be made when “it is determined that the accused has committed the offense charged, and that it was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of the other party.” And to the like effect is section 14 of the same Code, providing power to punish by fine and imprisonment, or either, a neglect, or violation of or other misconduct, “by which a right or remedy of duty a party to a civil action or special proceeding pending in the court may be defeated, impaired, impeded or prejudiced.” This qualification of the power of the court is made to include each of the following subdivisions of the section. And by subdivision 3 it has been applied to a party *557 to the action, or other person, for the non-payment of a sum of money ordered or adjudged by the court to be paid, in a case where by law an execution cannot be awarded for the cohection of such sum.
These sections of the Code clearly subject the right of the . plaintiff to punish the defendant for the non-payment of this alimony, to the necessity of such an adjudication, which can no otherwise regularly appear than by the order, and they have been considered as requiring this construction and application on preceding occasions. Matter of Swenarton, 40 Hun, 41; Sandford v. Sandford, id., 540; Fischer v. Raab, 81 N. Y., 235. This order is, therefore, materially and radically defective, not authorizing the punishment proposed to be inflicted upon the defendant.
It should therefore be reversed, with the usual costs and disbursements, and the motion denied, without prejudice to another application to the court for the same relief.
Brady, J., concurs, except as to costs.
Davis, P. J.
I think the costs and disbursements should not be allowed. It is not usual to allow costs against the wife in actions for divorce. In this case the defect in the order is not the fault of plaintiff, but the omission by the court to insert the facts (which were shown) which gave jurisdiction to make the order. I concur, except as to costs.