THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM DUFFUS, Respondent, v. JOHN C. BROWN, Appellant.

*Punishment for contempt in failing to obey a subpœna — Code of Civil Procedure, sec. 14, sub. 5; sec. 2284 — a fine may be imposed though no injury was occasioned to the party — a writ commanding an arrest may be directed to the sheriff of a particular county, and generally to the sheriff of any county — Code of Civil Procedure, sec. 2269.*

Where a person, upon whom a subpœna has been served, has been adjudged to have committed a contempt in refusing to obey the subpœna, the court is expressly authorized, by section 2284 of the Code of Civil Procedure, to impose a fine for the disobedience of the subpœna, though no actual loss or injury to the party subpœnaing him has been occasioned.

*Carrington* v. *Hutson* (28 Hun, 371) distinguished.

The fact that a writ commanding the arrest of an accused person, issued under the provisions of section 2269 of the Code of Civil Procedure, is directed to the sheriff of a county named therein, *and* generally to the sheriff of any county, does not invalidate the writ, or proceedings had thereunder, as the particular direction may be rejected as mere surplusage.

Appeal from an order, made at the Onondaga Special Term, adjudging the defendant guilty of a contempt and imposing a fine of fifty dollars.

*George Adee*, for the appellant.

*Walter S. McGregor*, for the respondent.

Follett, J.:

The appellant, a resident of Delaware county, was duly subpœned to attend a Circuit Court, held in Onondaga county, and testify in behalf of the plaintiff in an action wherein William Duffus was plaintiff, and John W. Webster was defendant. The appellant not obeying the subpœna, these proceedings were instituted to punish him for contempt. It was charged that the appellant's disobedience "was willful, and was calculated to defeat, impair, impede or prejudice the rights or remedies of this plaintiff in said action brought in said court." Pursuant to section 2269, Code of Civil Procedure, an attachment was issued, under which the appellant was arrested in Delaware county by the sheriff of that county and taken before the justice who issued the attachment, at his chambers in Onondaga

county. Upon a hearing it was adjudged that "the said John C. Brown has committed the offense charged, and that it was calculated to defeat, impair, impede or prejudice the rights or remedies of said William Duffus," and a fine of fifty dollars was imposed and the appellant was committed to the jail of the county of Onondaga until the fine should be paid, not exceeding fifty days. The appellant asks for a reversal of this order, because (1), it was not found that the disobedience of the subpœna caused the defendant any pecuniary loss or damage; (2), that the appellant had a reasonable excuse for not obeying the subpœna; (3), that the sheriff of Delaware county was without authority to arrest the appellant in that county and carry him before the judge in Onondaga county. Section 14 of the Code of Civil Procedure, which makes the disobedience of a subpœna a contempt provides: "§ 14. A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded or prejudiced, in either of the following cases: * * * 5. A person subpœnaed as a witness, for refusing or neglecting to obey the subpœna, or to attend, or to be sworn, or to answer as a witness."

The proceedings for the punishment of violations of this section are prescribed by title 3 of chapter 17 of the Code of Civil Procedure, section 2266. Section 2284 of this title provides: "Where it is not shown that such an actual loss or injury has been produced, a fine must be imposed, not exceeding the amount of the complainant's costs and expenses, and two hundred and fifty dollars in addition thereto." This expressly authorizes the imposition of a fine for the disobedience of a subpœna, though no actual loss or injury has been occasioned, and takes the case out of the rule laid down in *Carrington* v. *Hutson* (28 Hun, 371), as applicable to actions brought for such disobedience.

In this case it appears that the plaintiff paid the appellant twelve dollars and ninety cents fees as a witness, and the sheriff two dollars and twenty-five cents for serving the subpœna, besides such expenses as were incurred in the prosecution of this proceeding. The appellant's first ground is not tenable. The second ground is a question of fact; with the determination of which this court will not interfere.

Subdivision 2 of section 2269 (Code Civ. Pro.), provides that the writ may be "directed to the sheriff of a particular county, or generally to the sheriff of any county where the accused may be found, commanding him to arrest the accused, and bring him before the court or judge." The fact that the writ was directed " to the sheriff of Onondaga county," *and* generally does not invalidate the writ, or the proceedings had thereunder. The particular direction — to the sheriff of Onondaga county — was mere surplusage. The writ was addressed to and executed by the sheriff of the county where the appellant was found. These reasons lead me to concur in the conclusion reached by brother HARDIN that the order should be affirmed, with costs.

HARDIN, P. J.:

*In the Matter of Swenarton* v. *Shupe* (40 Hun, 43), there was no adjudication in the order appealed from that the conduct complained of was calculated to or did actually defeat, impair, impede or prejudice the rights or remedies of the party complaining. Hence it was reversed; in the order now here for review there is such an adjudication, which places this case within the provisions of section 2281 of the Code of Civil Procedure. It should 'not be disturbed. (*People ex rel. Hackley* v. *Kelly*, 24 N. Y., '74 ; *Matter of Morris*, 45 Hun, 171.) We think the order contained a compliance with the provisions of the statute referred to above. (*Fischer* v. *Langbein*, 103 N. Y., 85.)

The facts and circumstances presented by the motion papers called upon the court " for the exercise of judgment and reason upon evidence which might in its consideration affect different minds differently," and we see no occasion for us to doubt the soundness of the conclusion reached at the Special Term. If the witness had appeared on the tenth or eleventh of January, presumably the plaintiff would have obtained his judgment on one of those days. The non-appearance of the witness impeded, delayed and was calculated to impair and delay the plaintiff's remedy in seeking an early judgment. The excuse of defendant for his non-appearance in obedience to the subpœna is not adequate or reasonable. (Code of Civil Pro., § 853.) The advice of Mr. Gibbs, being stated only in the defendant's affidavit, forms no barrier to the adjudication.

There was no affidavit of Mr. Gibbs in accordance with the sound rule laid down in *People* v. *Compton* (1 Duer, 512). In *Fischer* v. *Raab* (81 N. Y., 238), there was no adjudication nor did any facts appear which carried the case under the statute. That case is no aid for the appellant here. The fact that the arrest was made upon a warrant by the sheriff of Delaware, furnishes' no ground for disturbing the order. (Code, §§ 2266, 2269.)

The order should be affirmed, with ten dollars costs and disbursements.

MARTIN, J., concurred.

Order affirmed, with ten dollars costs, including disbursements.