THE FIRST NATIONAL BANK of Plattsburgh, Respondent, *v.* JOHN J. FITZPATRICK, Appellant, Impleaded with Others.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN J. FITZPATRICK, Appellant, *v.* HENRY B. RANSOM, Respondent.

<div style="float:right">

80h 75
51ad583

80  75
47ap421

80h      75
40 Mis⋅132

</div>

*Contempt — misconduct that can be punished as — order of commitment — must be made after the commission of the contempt.*

Misconduct which can be treated and punished as a civil contempt must be such as to defeat, impair, impede or prejudice a right or remedy of a party to a civil action, and that the alleged misconduct has that effect must be made to appear and be adjudicated.

A person cannot be punished for a civil contempt in failing to obey an order directing him to pay over a certain sum of money or .to stand committed for contempt, unless a second order be made after his refusal to pay the sum of money, a copy of the first order having been first served upon him and a demand having been made of him for the moneys directed to be paid thereby.

APPEAL by the defendant, in the first above-entitled action, John J. Fitzpatrick, from an order of the Supreme Court, entered in the office of the clerk of the county of Clinton on the 14th day of February, 1894, directing the defendant, John J. Fitzpatrick, to deliver to the receiver of his property the sum of $2,916.45 or stand committed to the Clinton county jail until such delivery be made, or until discharged by law or order of the court, with notice of an intention to bring up for review upon such appeal said order and the orders to show cause and orders appointing and extending the receivership of the property of the defendant and the proceedings upon which said orders were based.

*T. F. Conway,* for the appellant.

*Geo. H. Beckwith,* for the respondent.

PUTNAM, J.:

I think the order of February thirteenth, under which the defendant was imprisoned, and from which the appeal is taken, was erroneously granted for the reasons pointed out in *Fischer* v. *Raab et al.* (81 N. Y. 235). In that case the plaintiff was directed to pay certain referee fees and failed to do so. An order to show cause was granted requiring him to pay the said fees within a certain time or show cause why he should not be committed for contempt in disobeying the order and not paying the fees. On the return of the order, plaintiff not having paid the money, the court made an order that he be committed to the common jail of the county, there to remain charged upon the contempt until he should pay the fees and ten dollars costs. The order was reversed by the Court of Appeals, that court holding that the misconduct which can be treated and punished as a contempt must be such as to defeat, impair, impede or prejudice a right or remedy of a party to a civil action, "*and that the alleged misconduct does have such effect must be made to appear and be adjudicated.*" The court held in that case that it did not appear that the alleged offense affected or impaired the defendants' rights, and also used the following language : "*And there does not appear to have been any adjudication that the alleged misconduct defeated, impaired, impeded or prejudiced any right or remedy of the defendants. So far as appears in the papers before us, the sole purpose of the proceeding was to compel payment for the benefit of the referee, as the defendants were not liable to pay him.*"

It will be seen that the order from which the appeal is taken in this case is subject to one of the objections pointed out in *Fischer* v. *Raab* (*supra*) as to the order in that case. There is no adjudication that the alleged misconduct of defendant defeated or in any way affected or prejudiced any right or remedy of the plaintiff. In the subsequent decision of the Court of Appeals in the same case (*Fischer* v. *Langbien et al.*, 103 N. Y. 84) it was not intended to overrule the doctrine established when the case was first before that court. The other cases cited by the learned counsel for respondent, if inconsistent with *Fischer* v. *Raab et al.* (*supra*), must be deemed overruled by that authority. (See, also, *Matter of Swenarton* v. *Shupe,* 40 Hun, 41–43; *Sandford* v. *Sandford,* Id. 540, 541; *Boon* v. *McGucken,* 67 id. 251; Code Civ. Proc. §§ 14, 2281–2283.)

There is a further objection to the order in question. It assumed to commit the defendant to jail for an offense that he could not commit until after the order took effect. The order to pay the receiver the sum of $2,916.45 necessarily preceded the offense of defendant in disobeying it. Its direction to defendant to pay the money to the receiver forthwith must be understood as a command to pay the said money immediately after the order was signed, a copy served and a demand made for the money. There was no order defendant was compelled to obey, until it was signed by the judge and a copy served on him and a demand made. If he then refused to obey, another order was required. The contempt could not precede the making of the order. It is true that the court, on February thirteenth, could have made an absolute order, if properly drawn, committing defendant for contempt on account of his previous refusal to pay the money to the receiver. But no such order was made. Defendant was required to pay to the receiver the money in question or stand committed. After the making of the order he should have had an opportunity to make said payment; and if not made, another order was required. (See *Brinkley* v. *Brinkley*, 47 N. Y. 40, 46, 47; *Kuhn* v. *Kuhn*, 23 N. Y. St. Repr. 387, 388; *Rice* v. *Ehele*, 55 N. Y. 518–521.)

I think, therefore, that the order in the first above entitled action should be modified by striking therefrom the words "or stand committed to the Clinton county jail until such delivery be made, or until discharged by law or order of this court," at the end thereof, and inserting in the place of the words so stricken out "upon the demand of said receiver for said sum," and that the order in the second above entitled action or proceeding should be reversed, with the usual costs and disbursements on both appeals, and the defendant discharged from arrest.

MAYHAM, P. J., and HERRICK, J., concurred.

In the action first above entitled, order modified, as per opinion, with ten dollars costs and printing and other disbursements.

In the second, order reversed, with ten dollars costs and printing and other disbursements.