(47 App. Div. 418.)

## DAILEY v. FENTON.

(Supreme Court, Appellate Division, Second Department. January 23, 1900.)

1. SHERIFFS—DUTIES—ATTACHMENT—FAILURE TO LEVY.

Code Civ. Proc. § 644, requires a sheriff to "immediately" execute a warrant of attachment placed in his hands; and Laws 1892, c. 686, as amended by Laws 1895, cc. 150; 718, authorizes him to close his office on holidays and half holidays. *Held*, that a sheriff was not justified in refusing to receive and serve an attachment offered to him for service between 3 and 4 o'clock on a Saturday afternoon, in a village where the property to be seized was situated, since the half holiday law did not deprive him of his official powers, or relieve him of his obligation to perform any official duties on Saturday afternoons which could be discharged outside his office.

2. CONTEMPT—POWER TO PUNISH—MISCONDUCT OF SHERIFF—ADJUDICATION.

Code Civ. Proc. § 2281, provides that one accused of a civil contempt may be punished "if it is determined that he has committed the offense charged," etc., and that it was calculated to or did defeat, impair, impede, or prejudice the rights or remedies of the complaining party, etc. *Held*, that where a sheriff charged with official misconduct in refusing to execute an attachment denied the charge on return of the order to show cause why he should not be punished therefor, and the record on appeal from an order fining him for official misconduct failed to show any adjudication that he had committed the offense, or that plaintiff's rights were in any manner impaired by his acts, the order imposing such fine will be reversed.

Appeal from special term, Nassau county.

Action by Elizabeth A. Dailey against Helen M. Fenton. From an order imposing a fine on the sheriff, William H. Wood, for official misconduct in the case, he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

George B. Stoddart, for appellant.

Abraham H. Dailey, for respondent.

WILLARD BARTLETT, J. If the facts are correctly stated in the motion papers of the plaintiff, the sheriff of Nassau county was not justified in refusing to receive and serve the warrant of attachment in this action. According to the allegations in those papers, the attachment, which was to be levied upon property in the village of Sea Cliff, was offered to the sheriff in the same village between 3 and 4 o'clock on the afternoon of Saturday, September 2, 1899, when the sheriff declined to receive the same, saying that he would not receive it, but would either go himself, or send a deputy, to see one of the plaintiff's attorneys later in the day, which promise, however, he failed to keep. Where attachment papers are placed in the hands of the sheriff, the law expressly requires that he "must immediately execute the warrant." Code Civ. Proc. § 644. The general rule is that a sheriff is responsible for not reasonably executing such

process as is lawfully tendered to him for service. Whitney v. But-
terfield, 13 Cal. 335, 340. It was held in the case cited that a statu-
tory command to execute process "without delay" does not mean
that the sheriff must needs lay aside all other business the instant
he receives the process, and proceed to execute it, in the absence
of special reasons for urgency or haste. The same is true of the
direction in section 644 of the Code that the sheriff shall "imme-
diately" execute the warrant of attachment. But it does mean that
the sheriff is bound to use all reasonable endeavors seasonably to
execute the process. Hinman v. Borden, 10 Wend. 367. This duty
may include the exercise of his official functions after nightfall
(Phillips v. Ronald, 3 Bush, 244), and hence after the sheriff's regu-
lar office hours. The measure of the sheriff's duty in such cases is
his obligation to act reasonably (Tucker v. Bradley, 15 Conn. 46, 49);
and it seems clearly unreasonable to refuse to receive and execute
process under the circumstances alleged by the plaintiff to have
existed in the case at bar. The county law requires every sheriff
to keep an office in some proper place in the city or village in which
the county courts of his county are held, and prescribes that it shall
be kept open between certain hours, except on Sundays and other
days and half days declared by law to be holidays or half holidays.
Laws 1892, c. 686, § 184, as amended by Laws 1895, cc. 150, 718. The
section cited provides that every notice or other paper required to
be served on the sheriff may be served, with an effect equal to that
of personal service, by leaving the same at such office. There is
nothing in the county law, however, nor in any other statute which
has been brought to our attention, that compels litigants always
to resort to the office of the sheriff in order to set the sheriff in
motion for the execution of a mandate directed to that officer. The
provision of the law which relieves him from keeping his office open
on a half holiday does not deprive him of his official powers, or re-
lieve him of the obligation to perform any of his official duties on
Saturday afternoon which are capable of being exercised or dis-
charged outside of his office. The half-holiday law relates only to
the transaction of business in public offices. People v. Supervisors
of Oswego, 50 Hun, 105, 3 N. Y. Supp. 751.

This proceeding to punish the sheriff for contempt in refusing to
receive and execute the plaintiff's warrant of attachment was insti-
tuted by an order to show cause, under subdivision 1, § 2269, of the
Code of Civil Procedure. Upon the return to the order, the sheriff
submitted affidavits to the court denying that the warrant of attach-
ment had ever been offered to him. These affidavits raised an issue
of fact as to the alleged misconduct, which does not appear to have
been decided by the learned court at special term. It is only where
it is determined that the accused has committed the offense charged,
and that it was calculated to, or actually did, defeat, impair, impede,
or prejudice the rights or remedies of the complaining party, that
a final order for punishment can be made. Code Civ. Proc. § 2281.
In the record before us there is no such adjudication. The order ap-
pealed from does not determine that the sheriff has committed the
offense charged, or that such offense was calculated to, or actually

did, defeat, impair, impede, or prejudice the rights or remedies of the plaintiff. It does not even contain any recitals from which such facts might be inferred. An adjudication of this character is essential· as the basis for the imposition of punishment under section 14 of the Code of Civil Procedure, relating to civil contempts. Mahon v. Mahon, 50 N. Y. Super. Ct. 92, 95; Fischer v. Raab, 81 N. Y. 235; Bank v. Fitzpatrick, 60 Hun, 75, 30 N. Y. Supp. 15. The cases cited show that an adjudication to the effect that the alleged misconduct has been committed, to the prejudice of the complaining party, is essential as a basis for such an order as that under review. That foundation being absent here, we are compelled to reverse the order.

Order reversed, without costs. All concur.