OBERMEYER & LIEBMAN v. ADISKY.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. Costs—Payment—What Constitutes.

Plaintiff's attorney in proceedings supplementary to execution was adjudged to personally pay the costs on dismissal of proceedings to examine defendant. Subsequently defendant paid the judgment, and by agreement made a reduction to cover the costs which the attorney was directed to pay. *Held*, that as the costs belonged to defendant, and not to his attorney, defendant's deducting them in paying the judgment amounted to their payment, and plaintiff's attorney could not be compelled to pay them again.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 1025.]

2. Contempt—Failure to Pay Costs.

Code Civ. Proc. § 779, provides that costs of motions may be collected by execution, except where the remedy of enforcement by contempt proceedings exists, which is expressly provided by section 2007 in case of special proceedings instituted by state writs. *Held*, that an attorney cannot be punished for contempt for disobeying an order to personally pay the costs upon dismissal of proceedings to examine defendant in proceedings supplementary to execution.

3. Same—Elements of Offense—Prejudice to Rights of Another.

Under Code Civ. Proc. § 2281, providing that a person may be punished for contempt upon proof that he has committed the offense charged, and that it was calculated to or actually did defeat or prejudice the rights of a party to an action, etc., an attorney cannot be punished for contempt for failing to obey an order to personally pay costs in a proceeding, where there was no adjudication that his failure was calculated to or did defeat, prejudice, etc., the rights of the complaining party.

Appeal from Special Term.

Action by Obermeyer & Liebman against Abraham Adisky. Judgment for plaintiff. From an order in supplementary proceedings adjudging Joseph Gans, an attorney, guilty of contempt in failing to obey an order to pay costs, he appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Joseph Gans, in pro. per.

McLAUGHLIN, J. The plaintiff recovered a judgment for something over $300 against the defendant, and, being unable to collect the same, proceedings supplementary to execution were instituted. A copy of the order directing the defendant to appear for examination was returnable July 18, 1907, while the original order was made returnable July 17, 1907. This fact having been called to the attention of the learned justice before whom the examination of the defendant was about to be had, the proceeding was dismissed, with $10 costs; and thereupon the appellant, as attorney for the plaintiff, on the same day obtained another order for the examination of the defendant in similar proceedings, which order was made returnable July 20, 1907. On the return day the judgment debtor appeared and by his attorney moved to dismiss the proceeding, upon the ground that the costs awarded on the dismissal of the first proceeding had not been paid. The motion was granted, with $10 costs, which, together with the $10 costs previously awarded, the attorney was di-

rected personally to pay. The attorney did not pay the costs, and thereupon a motion was made to punish him for contempt by reason of such failure. The motion was granted, with an additional $10 costs, which he was directed to pay within a certain time, or, in default thereof, that a warrant issue for his arrest. He appeals from this order.

The order directing the attorney to personally pay the costs is not in this record, nor does it appear to have been before the court on the motion which resulted in the order appealed from. It is impossible, therefore, to determine the exact terms of it, except so far as the same may be ascertained from the affidavits of the attorneys. It would seem, before a person could be adjudged guilty of contempt in failing to obey an order, that that order must be before the court. That is the best evidence of its terms. But, if it be assumed that the order contained the provisions claimed by the defendant in the affidavit made by his attorney, then it seems to me, upon the uncontradicted facts, there had been no violation of the order. The fact is not disputed that on the day upon which the second proceeding was dismissed the attorney for the plaintiff stated to the judgment debtor, in the presence of his attorney, that he intended to appeal from the order resulting in the second dismissal and the imposition of costs upon him personally; that the judgment debtor thereupon requested him not to appeal, or take any further proceedings in the matter, as he intended to pay the judgment; that he subsequently did pay the judgment, received a satisfaction, which was filed, and the judgment canceled and discharged of record; that when he paid such judgment a reduction was made, at his request, of more than $20, the costs of the motions above referred to. The costs which the attorney was directed to pay belonged to the defendant—not his attorney (McIlvaine v. Steinson, 90 App. Div. 77, 85 N. Y. Supp. 889; Oishei v. Nat. St. Ry. Co., 110 App. Div. 709, 97 N. Y. Supp. 447); and therefore, when an allowance was made to him for that amount, it was a payment, and the attorney could not be compelled to pay the same over again. If the client had taken the $20, handed it to his attorney, and the attorney had then handed it to the defendant, no one, I take it, would seriously contend that he had not complied with the order directing him to pay the costs, and yet that, in effect, is precisely what took place. The plaintiff paid him $20 by deducting it from the amount of the judgment which he had to pay. Indeed, if the costs had not been paid, I do not think the attorney, even though he was directed personally to pay the costs, was guilty of a contempt of court in failing to do so. Code, § 779, provides how costs of motions can be collected. It is by execution, except where special provision is otherwise made. Section 2007, Code Civ. Proc.

The order must also be reversed for another reason. The attorney could not be punished for contempt until it had been determined, not only that he had failed to pay the costs as directed, but that his failure in this respect was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of the complaining party. Section 2281, Code Civ. Proc. The order appealed from

contained no such adjudication, nor is there even a suggestion in the record of any facts from which one might be inferred. Fischer v. Raab, 81 N. Y. 235; First National Bank v. Fitzpatrick, 80 Hun, 75, 30 N. Y. Supp. 15; Dailey v. Fenton, 47 App. Div. 418, 62 N. Y. Supp. 337; Socialistic Co-op. Pub. Ass'n v. Kuhn, 51 App. Div. 583, 64 N. Y. Supp. 933.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.