HENRY C. MOFFAT et al., Appellants, *v.* GEORGE HERMAN, Impleaded, etc., Respondent.

Under the provisions of the Code of Civil Procedure (§§ 14, 2281, 2284) defining what is, and providing the punishment for, a civil contempt, the amount of fine which may be imposed must be based upon proof of the damages actually sustained.

In a proceeding to punish defendant for contempt in verifying and interposing an answer to a complaint which the court decided to be false and untrue, the court found that by reason of the misconduct plaintiff was prevented from collecting his judgment, and fined defendant the amount thereof. It appeared that the only property belonging to defendant, after the commencement of said action, was conveyed by him to a third person on March 1, 1885, the deed not being recorded until March fourth; that plaintiff could not have obtained judgment until March fourth had no answer been served, and that it was, in fact, served on March third. *Held*, that the fine imposed was in excess of the sum the court had power to inflict.

(Argued June 12, 1889; decided October 8, 1889.)

APPEAL from an order of the General Term of the Court of Common Pleas for the city and county of New York, made

June 7, 1886, which reversed an order of the General Term
of the City Court of New York, affirming an order made at
Special Term of said City Court adjudging the defendant,.
George Herman, guilty of misconduct and contempt of court,
and fining him $1,132.32.

The alleged misconduct and contempt consisted in verifying
and interposing an answer which the court found to be false
and untrue; and it was further found that the defendant
knew it to be false at the time of the making of the verification..

Further facts appear in the opinion.

*William J. Fanning* for appellants.    Defendant was guilty
of contempt of court.  (*Yates* v. *Lansing*, 9 Johns. 417.;
*Eagen* v. *Lynch*, 3 C. C. P. R. 236 ; *Stephenson* v. *Hanson*,
6 id. 43; *Nathans* v. *Hope*, 5 id. 401 ; *Hull* v. *L'Eplatinier*,
5 Daly, 534 ; *Keating* v. *Goddard*, Daily Reg. Sept. 9, 1885.)
The contempt shown was one which the City Court, being a
court of record, had power to punish.  (Code Civ. Pro. §§ 13,
14, subs. 2, 8, § 2287 ; 2 Bouvier's Law Dict. 468 ; 2 Abb.
Dig. 634 ; *A. Beckett* v.——, 5 Taunt. 776 ; *In re Morris*,.
13 N. Y. C. P. 64, 65.)  Not only had the City Court the
power to punish, but it became its imperative duty to impose
the fine.  (Code Civ. Pro. §§ 2281, 2284 ; *Lansing* v. *Easton*,
7 Paige, 364; *People* v. *Spalding*, 2 id. 326 ; *Clark* v..
*Binninger*, 75 N. Y. 345.)  This court has jurisdiction of
this appeal under subdivision 3 of section 190 of the Code of
Civil Procedure.  (*Brinkley* v. *Brinkley*, 47 N. Y. 41 ; *Pitt*
v. *Davidson*, 37 id. 235 ; *People* v. *N. Y. C. R. R. Co.*, 29 id.
421, 422 ; Code Civ. Pro. §§ 2281, 2284 ; *Lansing* v. *Easton*,
7 Paige, 364 ; *People* v. *Spalding*, 2 id. 326 ; *Levy* v. *Salomen*,
105 id. 529 ; *N. Y. R. Co.* v. *Rothery*, 112 id. 592 ; *Tilton*
v. *Beecher*, 59 N. Y. 176 ; *Anderson* v. *Anderson*, 112 id.
104 ; *McEleere* v. *Little*, 8 Daly, 167 ; *Walsh* v. *Schultz*,
6 C. C. P. R. 126.)

*M. L. Townsend* for respondent.    The Special Term
has no right or power, after judgment in the action upon
*ex parte* affidavits, to determine the truth or falsity of the

answer, much less to find, as matter of fact, that the defendant was guilty of perjury in swearing to the answer. ( *Wayland* v. *Tysen*, 45 N. Y. 281, 282, 283 ; *Thompson* v. *E. R. Co.*, 45 id. 468 ; *Briggs* v. *Freedman*, 23 N. Y. W. Dig. 22.) The act of defendant Herman in putting in the answer to the complaint was not a punishable contempt of court. (Code Civ. Pro. § 14 ; *Stackhouse* v. *French*, 1 Bing. 365 ; *Hull* v. *L'Eplatinier*, 5 Daly, 534 ; *Egan* v. *Lynch*, 3 C. P. R. 236 ; *Stephenson* v. *Hanson*, 6 id. 43 ; *State* v. *Terence*, 20 The Reporter, 650 ; *People ex rel.* v. *Oyer and Terminer*, 101 N. Y. 245, 251 ; *Rutherford* v. *Holmes*, 5 Hun, 319 ; 66 N. Y. 368 ; *Queen* v. *Lefroy*, L. R., 8 Q. B. 134 ; 4 Moak, 250.) The Special Term judge erred in imposing as penalty the amount of the judgment recovered by plaintiff in the action, to wit, $1,057 and interest, and $75 costs and disbursements subsequent to the judgment, including costs of supplementary proceedings, no actual loss or injury having been sustained by plaintiff because of the alleged falsity of the defendant's answer, or his alleged perjury in swearing to it. (*Sudlow* v. *Knox*, 7 Abb. Pr. [N. S.] 411 ; *Dejonge* v. *Brenneman*, 23 Hun, 332 ; *Clark* v. *Bininger*, 75 N. Y. 344, 352 ; *King* v. *Flynn*, 37 Hun, 329 ; *F. B. C. Co.* v. *Hecksher*, 42 id. 534.)

PARKER, J. The City Court was not called upon to nor did it pass upon the question as to whether or not the verifying and interposition of a false answer, with knowledge of its falsity on the part of an affiant, constitutes a criminal contempt punishable as provided in section 9 of the Code of Civil Procedure. It did determine that such conduct amounts to a civil contempt, within the intent and meaning of section 14 of the Code, and punishable as provided in sections 2281 and 2284.

If it be assumed that the acts complained of may, within the purview of section 14, be held to constitute a contempt, punishable civilly, where the right or remedy of a party has been defeated or impeded (a question we do not pass upon) still we think the order appealed from must be affirmed.

Section 2281 provides when and how a party adjudged to have been guilty of a contempt of court within the provisions of section 14 shall be punished; while section 2284 governs the extent of the fine that may be imposed. It provides that " if an actual loss or injury has been produced to a party to an action or a special proceeding, by reason of the misconduct proved against the offender  *  *  *  a fine sufficient to indemnify the aggrieved party must be imposed.  *  *  *  Where it is not shown that such an actual loss or injury has been produced a fine must be imposed not exceeding the amount of complainant's costs and expenses and $250 in addition thereto.  *  *  *  "

The fine imposed by the court in this proceeding was $1,132.32 that being the amount of plaintiff's judgment, and $75 allowed for costs in subsequent proceedings.

It will be observed that the fine imposed was far in excess of the sum which the court had power to inflict in the absence of proof that the plaintiff had sustained damage in such amount, because of the act of defendant adjudged to be a contempt of court. It is well settled that under this section of the Code the amount of the fine to be imposed for the purpose of indemnifying the person aggrieved must be based upon proof of the damage actually sustained. (*Sudlow* v. *Knox*, 7 Abb. [N. [S.] 411; *Dejonge* v. *Brenneman*, 23 Hun, 332; *Clark* v. *Bininger*, 75 N. Y. 344; *King* v. *Flynn*, 37 Hun, 329.)

True, the court did adjudge that, by reason of the misconduct of the defendant, the plaintiffs were prevented from collecting their judgment, and, therefore, there resulted an actual loss to the plaintiffs in a sum equal to the amount due on the judgment. That finding, however, was wholly without evidence to support it. It is undisputed that the only property belonging to the defendant after the commencement of the action was by him conveyed to a third person on the 1st day of March, 1885; that the plaintiff could not have obtained judgment until the fourth day of March ensuing had the defendant omitted to serve an answer; and that the answer

was, in fact, served on the third day of March. So that, while the service of the answer necessarily postponed for a few days the obtaining of a judgment on the part of the plaintiffs, the defendant was not enabled by such act to dispose of his property, because, at the time of its service, he had no property to dispose of, a conveyance thereof having been made before the doing of the act for which he was charged in contempt. True, the deed was not recorded until March fourth, the day upon which plaintiffs might have obtained judgment had defendant made default, but that fact did not in any wise affect the situation because, as between the plaintiffs and the grantee, the judgment would not have been a lien upon the real estate conveyed upon the first day of March, even if the deed had been recorded subsequent to its entry. (*Trenton Banking Co.* v. *Duncan*, 86 N. Y. 221.)

It may well be, as intimated in the opinion of the Special Term, that it was the intention of Herman, in making the conveyance, to avoid the payment of the debt owing to plaintiffs, but the fact remains that such act was performed before the service of the answer, and it was not in any wise aided or strengthened by the delay occasioned by the interposition of the false pleading. It follows, then, that the proof before the court utterly failed to establish that the plaintiffs sustained damage in an amount equal to the sum due upon their judgment, or in any sum whatever, by the alleged misconduct of the defendant. The imposition of a fine, therefore, in excess of the amount which the court was authorized to impose, in the absence of proof of the extent of the loss sustained, to wit, complainant's costs and expenses and $250 in addition thereto, was without authority and demanded the order of reversal made by the General Term.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.