(12 Misc. Rep. 7.)

### ROBERTSON et al. v. HAY.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

1. RESETTLEMENT OF ORDER—INHERENT POWER OF COURT.
   A court has inherent power to resettle its own order so as to conform it to the actual adjudication.
2. SUPPLEMENTARY PROCEEDINGS — FAILURE OF RECORD TO SHOW ADJOURNMENT.
   From an omission in the record to show a regular adjournment, a loss of jurisdiction in a supplementary proceeding will not be presumed.
3. SAME—WAIVER OF OBJECTIONS.
   A voluntary attendance and submission to examination, without objection, by the judgment debtor, operates a waiver of an irregularity in the adjournment of the proceeding; so that, on appeal from an order adjudging him in contempt, he may not be heard to say that the court had not jurisdiction to make the order.
4. APPEAL—ATTACKING VERITY OF RECORD.
   Objection cannot be raised in an appellate court that the record does not present the true state of fact.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Henry M. Robertson and George T. Sinclair against Peter Hay. From an order of the city court affirming an order resettling an order, and from an order affirming an order imposing a penalty for violating an order in supplementary proceedings, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Moses H. Grossman, for appellant.

Adolph Cohen, for respondents.

PRYOR, J. The resettlement of its own order was within the unquestionable jurisdiction of the court below, and is not open to challenge before a tribunal which is competent only to the review of legal error. Neither can we entertain the objection that defend-

ant's examination is incorrectly exhibited, but are bound to adjudicate upon the record before us. Whether, upon the proofs submitted to our revision, the order adjudging the defendant in contempt, and imposing the penalty for his misconduct, be without authority of law, is the sole question in controversy. The contempt imputed to the defendant consists in a disposition of his property contrary to the prohibition in a supplementary proceeding; and the specific act of misconduct charged is the assignment of a lease. The defendant impugns the validity of the order upon two grounds —First, that the lease was not his property; and, secondly, that, being of no value, its transfer was not of prejudice to creditors.

1. By the instrument of demise, the premises were let to the defendant alone; he occupied the premises for the conduct of his business; it was against him, and him alone, that the summary proceeding was instituted; he stated to the assignee that the lease "belonged to him"; he assigned the lease, and received the price of its transfer; out of the money so received, he paid the rent; until this proceeding, he never pretended that the lease was the property of his wife; no writing or witness evidences the assignment to his wife; and even she shrinks from swearing that she was owner of the lease. To what other conclusion could the court below come than that the lease was the property of the defendant?

· 2. It is undoubted law that, to authorize the conviction and penalty of which the defendant complains, there must be proof of prejudice and damage to the creditor (Fischer v. Raab, 81 N. Y. 235; Moffat v. Herman, 116 N. Y. 131, 22 N. E. 287); and the defendant contends that there was no such prejudice or damage, because the lease was assigned after the end of term, and after his default in a proceeding for dispossession. But he was in occupation of the premises; he was in occupation under a renewal for a year; he received $275 for the assignment of the lease; and out of this money he discharged a debt for rent due from him as tenant. Who can say that the lease was not a subsisting demise, and that a transfer of property worth $275 away from creditors was of no prejudice or damage to them? As to the cancellation of the lease by the summary proceeding, he himself swears that he paid the rent to prevent dispossession; and he indorsed on the assignment that the term was unexpired. The only and the inevitable inference from his own testimony and admissions is that the lease was not canceled, but was assigned, and that he abandoned the possession to the assignee for the consideration paid him. Indeed, if the lease were expired or canceled, what had he to assign? and, if he had nothing to assign, why should the assignee pay him $275? True, the assignee, moved no doubt by a benevolent compassion for the distressed condition of the defendant, now says that the $275 was a contribution of charity to the necessities of the defendant's family. But in his former affidavit he swears that "the defendant executed an assignment of the lease to me for the sum of $300" ($25 of which was paid to the agent); and indorsed on the assignment to him are the words, "In consideration of the sum of $300, duly paid by Robert Schinzel, I do hereby sell, assign,

transfer, and set over unto Robert Schinzel, his heirs, assigns, administrators, &c., the within lease for the unexpired term therein." Still, defendant insists that the court lost jurisdiction of the proceeding by irregularity in the adjournments. But the entry in the record is, "Further examination adjourned by several adjournments to June 6th, 1894"; and why not by the court or referee? Code, § 2444. Nothing appears to the contrary; and loss of jurisdiction will not be presumed. Wright v. Nostrand, 94 N. Y. 33. At all events, by attending on the days to which the proceeding was adjourned, and submitting without objection to the examination, the defendant may not now be heard to say that the jurisdiction of the court had lapsed. Voluntary appearance is the equivalent of regular process. The condition of the defendant's family is doubtless deplorable, but we cannot relieve him in disregard of the plain and imperative mandate of the law. Order affirmed, with costs. All concur.