(56 Misc. Rep. 616.)

## In re SEITZ.

(Supreme Court. Appellate Term.   December 12, 1907.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—ACTS CONSTITUTING CONTEMPT.

Under Code Civ. Proc. § 2281, providing that where accused has committed a contempt that was calculated to, or did, defeat, impair, impede, or prejudice the rights or remedies of a party, etc., the court must make a final order directing that he be punished by fine or imprisonment or both, failure of a judgment debtor to appear for examination under an order in supplementary proceedings is a contempt justifying a fine, irrespective of proof of actual damage.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, §§ 1197–1200.]

2. SAME—PUNISHMENT.

Where a judgment debtor is fined for contempt for failure to appear for examination in supplementary proceedings, the mere fact that the fine imposed equals the amount of the judgment in favor of the creditor and the costs of the proceeding would not be ground for reversing the order to punish for the contempt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, § 1202.]

3. SAME—WAIVER BY ATTORNEY FOR JUDGMENT CREDITOR—EFFECT.

Where it appears that, after issuance of an order to a judgment debtor to appear for examination in supplementary proceedings, the attorney for the judgment creditor informed the debtor by telephone that the requirement of the order would not be insisted on for thirty days, the debtor should not be punished for contempt in failing to appear for examination.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, §§ 1197–2000.]

Appeal from City Court of New York, Special Term.

Application by Joseph Seitz, judgment creditor, to punish Joseph Keitel, judgment debtor, for failure to appear for examination in proceedings supplementary to execution. From an order imposing a fine equalling the judgment and costs, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Ralph B. Ittelson, for appellant.
Cornelius J. Earley, for respondent.

PER CURIAM. This is an appeal from an order granting a motion to punish the judgment debtor for contempt for failure to appear for examination in supplementary proceedings, and imposing a fine of $186, the amount of the judgment in favor of the judgment creditor, together with the costs of the proceeding.

It is the contention of the appellant that, in the absence of proof of actual damage, the court had no power to impose a fine in the amount of the judgment, but solely to impose such fine as the court in its discretion deemed proper to maintain the dignity of the court. Section 2281 of the Code, however, provides that, where the failure to obey such an order was "calculated to," or did actually, defeat, impair, impede, or prejudice the rights or remedies of a party to an action, the court may impose a fine, and the authorities hold that such fine may be imposed irrespective of whether actual damage is proven. Swenarton v. Shupe, 40 Hun, 41; Moffat v. Herman, 116 N. Y. 131, 22 N. E. 287. The mere fact that a fine imposed happens to be identi-

107 N.Y.S.—38

cal with the amount of the judgment in favor of the judgment creditor would not be ground for reversal of the order. The statute is remedial in character, and certainly was intended to preserve and promote "the rights or remedies of a party to an action," so that it necessarily follows that a failure to comply with an order based thereon is "calculated to" defeat, impair, impede, or prejudice such rights. The more serious point, however, is that raised by point 1 of defendant's brief, that the judgment debtor was not guilty of contempt for the reason that he was not given a reasonable opportunity to appear for examination. It appears by the affidavit of the attorney for the judgment creditor submitted in support of the motion that said attorney and the judgment debtor, subsequent to the issuance of the order in supplementary proceedings, had a conversation over the telephone, at the termination of which said attorney "told judgment debtor that he would hold the matter for 30 days, as he had promised, in order to give him an opportunity to arrange his matters so as to pay this judgment." The attorney denies that he agreed to call the matter off as claimed by the judgment debtor; but it is impossible to place any other construction upon the language admitted to have been used by the creditor's attorney than that it was intended that the requirement of the order should not be insisted upon for 30 days, and that the attorney waived the right to make such examination on the return day of the order. Judgment had been entered and execution issued, and there appears to have been no other matter to "hold off," save the examination in supplementary proceedings. The only other construction that might be placed upon the language so used would indicate an intent on the part of the attorney to enter a default and hold the order of the court over the head of the debtor in order to compel the fulfillment by him of an agreement entered into subsequent to the issuance of the order, an abuse of the process of the court which would be deserving of condemnation and censure.

The order should be reversed, with $10 costs and disbursements.