(158 App. Div. 419.)

### VILLAGE OF HAVERSTRAW v. ECKERSON et al.

(Supreme Court, Appellate Division, Second Department.    September 23, 1913.)

1. CONTEMPT (§ 60*)—PROCEEDINGS TO PUNISH—ADMISSIBILITY OF EVIDENCE—
   CONCLUSIVENESS OF PRINCIPAL JUDGMENT.

    In contempt proceedings for the disobedience of an order requiring the defendant to fill an excavation on his land so as to furnish lateral support for a street, evidence as to the necessity of the fill is inadmissible, since that question was finally determined by the principal judgment.

    [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 183–187; Dec. Dig. § 60.*]

2. CONTEMPT (§ 20*)—PUNISHMENT—FINE.

    Where a defendant, who was able to fill an excavation on his land as required by a judgment of the court, refused to do so, it was within the power of the court to impose a fine upon him without any proof of loss on the part of the plaintiff in the action, under Judiciary Law (Consol. Laws 1909, c. 30) § 753, giving the court power to punish by fine and imprisonment a party to an action for any disobedience to the lawful mandate of the court, since a judgment is a mandate of the court under Code Civ. Proc. § 3343.

    [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 58–62; Dec. Dig. § 20.*]

3. CONTEMPT (§ 30*)—PUNISHMENT—IMPRISONMENT.

    The court could also, both under its inherent equity powers and under Judiciary Law (Consol. Laws 1909, c. 30) § 774, expressly giving it authority, imprison the defendant until he caused the excavation to be filled.

    [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 91, 93, 94; Dec. Dig. § 30.*]

4. CONTEMPT (§ 75*)—PUNISHMENT—INDEMNITY TO INJURED PARTY.

    Under Judiciary Law (Consol. Laws 1909, c. 30) § 773, providing that where a disobedience to a judgment has occasioned loss to another party the court may impose a fine sufficient to indemnify the aggrieved party, which shall be paid to him, the court cannot impose upon a lot owner who has refused to comply with an order to fill an excavation on his lot a fine to be paid to the village equal to the costs of filling the excavation where the village had not filled the excavation nor proved any present loss.

    [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 258–260; Dec. Dig. § 75.*]

Appeal from Special Term, Rockland County.

Action by the Village of Haverstraw against J. Esler Eckerson and others. From an order of the Special Term adjudging the defendant Eckerson guilty of civil contempt of court, he appeals. Affirmed.

See, also, 152 App. Div. 891, 136 N. Y. Supp. 1149.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Abram F. Servin, of Middletown, for appellant.

Alonzo Wheeler, of Haverstraw (William McCauley, of Haverstraw, on the brief), for respondent.

BURR, J.    The affidavits presented in this proceeding and the testimony taken therein clearly establish that it is within the power of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant Eckerson to comply with the provisions of the judgment entered in the above-entitled action, requiring him to fill the excavation made upon his land to the extent prescribed by the said judgment, and that his refusal so to do is contumacious and willful. There is evidence from one of the tenants in occupation of a part of the land leased by him for brickmaking purposes that there is nearly or quite sufficient refuse material on his land to make the necessary fill, and that when said tenant attempted to use the same for that purpose defendant interfered to prevent him. This evidence is uncontradicted.

[1] The affidavits introduced by defendant relative to the necessity for fill upon the clay bottom are wholly irrelevant. That question was finally determined upon the trial of the action, and by the judgment entered therein. Village of Haverstraw v. Eckerson (No. 2) 140 App. Div. 896, 125 N. Y. Supp. 1148, affirmed 204 N. Y. 635, 97 N. E. 1118.

[2] The only questions open for discussion, therefore, arise in connection with the punishment inflicted. The fine of $250, irrespective of proof of any actual loss or injury to plaintiff, was within the power of the court, and is justified. Judiciary Law, Consolidated Laws, c. 30 (Laws of 1909, c. 35) § 773.

[3] Equity also has inherent as well as statutory power to enforce compliance with its decrees by imprisoning a capable but contumacious defendant until he yields obedience. 4 Pomeroy's Eq. Jur. (3d Ed.) § 1317. The statute provides that:

"A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced, in either of the following cases: * * * 3. A party to the action * * * for the nonpayment of a sum of money, ordered or adjudged by the court to be paid, in a case where by law execution cannot be awarded for the collection of such sum; or for any other disobedience to a lawful mandate of the court." Judiciary Law, supra, § 753.

"Where the misconduct proved consists of an omission to perform an act or duty, which it is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it, and paid the fine imposed." Id. § 774.

A judgment is a mandate of the court. Code Civ. Proc. § 3343, subd. 2. The judgment entered in the above-entitled action establishes the right of plaintiff, as against defendant, to lateral support of a public street to the extent specified therein, and defendant's disobedience to its requirements defeats, impairs, impedes, or prejudices that right. It is proper, therefore, that defendant should be imprisoned until he obeys.

[4] In addition thereto:

"If an actual loss or injury has been produced to a party to an action * * * by reason of the misconduct proved against the offender, and the case is not one where it is specially prescribed by law, that an action may be maintained to recover damages for the loss or injury, a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected, and paid over to the aggrieved party, under the direction of the court." Judiciary Law, supra, § 773.

If we assume that the exception has no application, the evidence introduced upon plaintiff's part as to the necessary cost of the fill is too vague and indefinite to afford a basis for measuring the extent of its loss or injury. Defendant Eckerson, however, states in his affidavit that the cost of the required fill will. be at least $15,000; and, so far as the amount of the fine is concerned, this might be adopted if the evidence showed any present loss or injury to plaintiff resulting from defendant's failure to obey the provisions of the judgment in this regard. To affirmatively establish such actual loss or injury is essential. Moffat v. Herman, 116 N. Y. 131, 22 N. E. 287; Socialistic Co-Op. Pub. Ass'n v. Kuhn, 164 N. Y. 473, 58 N. E. 649; Snow v. Shreffler, 148 App. Div. 422, on page 433, 132 N. Y. Supp. 895. It may be that plaintiff would have authority to go upon defendant's land and make the prescribed fill for the purpose of abating a nuisance (2 Wood on Nuisances [3d Ed.] 1285), but it has not done so. Up to the present time it has expended nothing for that purpose. If the fine of $20,000 which has been imposed, and which was intended to represent the cost of the fill, was paid over to plaintiff, there is no certainty that it would be expended for that purpose.

Because, therefore, there is no satisfactory evidence of actual present loss or injury to plaintiff, the order must be modified by striking out the provision for the fine of $20,000, and by making the provision for defendant's imprisonment until compliance with the judgment absolute, instead of in the alternative to the payment of said fine; and as thus modified it should be affirmed, without costs. All concur.