VINGUT et al. v. SIRE. (No. 6059.)

(Supreme Court, Appellate Division, First Department. July 10, 1914.)

EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—SUBPŒNA—DISOBEDIENCE —CONTEMPT.

Under Code Civ. Proc. § 2457, providing, relative to supplementary proceedings, that a person refusing or without sufficient excuse neglecting to obey an order made pursuant to that article and duly served upon him or an oral direction given directly to him, or to attend before a judge or referee according to the command of a subpœna duly served upon him, may be punished as for a contempt, a defendant could not be adjudged guilty of contempt in failing to appear and submit to an examination, where the order to show cause why he should not be adjudged guilty of contempt was not served upon him personally but upon his attorney, especially where such attorney had not appeared generally but had merely taken an appeal in defendant's behalf from an order in the proceeding.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. § 418.*]

Appeal from Special Term, New York County.

Action by George F. Vingut and others, as trustees, against Henry B. Sire. From an order adjudging defendant guilty of contempt in failing to appear and submit to an examination in proceedings sup-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plementary to execution and fining him therefor $250, he appeals. Reversed, and motion to punish for contempt denied.

See, also, 160 App. Div. 886, 144 N. Y. Supp. 1148.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Franklin Bien, of New York City, for appellant.

Sidney L. Josephthal, of New York City, for respondents.

McLAUGHLIN, J. The defendant appeals from an order adjudging him guilty of contempt of court in failing to appear and submit to an examination concerning his property as he had been directed to do by a prior order of the court and imposing a fine upon him therefor of $250.

The order to show cause why he should not be adjudged guilty of contempt and punished therefor was never personally served upon the defendant. It was, however, served upon the attorney who represents him upon this appeal. This attorney had never put in a general appearance in the proceeding. It appears that an order had been made in the proceeding extending the receivership, and this attorney had, on behalf of the defendant, taken an appeal therefrom. It is claimed by the respondents that the notice of appeal thus signed by the attorney was equivalent to a general appearance, and for that reason the service upon him of the order to show cause was sufficient.

I do not think it was equivalent to a general appearance. It was an appearance simply for the purpose of the appeal; but, even though it be considered a general appearance in the proceeding, the defendant could not be punished for contempt by the service of an order to show cause why he should not be adjudged guilty of contempt by service upon the attorney. Before he could be so adjudged, the order to show cause had to be personally served upon him. Code Civ. Proc. § 2457.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.