Appeal by the judgment debtor from an order granting the motion of the respondent adjudging appellant in contempt of court for failure to appear on the adjourned date of an examination in supplementary proceedings and for willfully and falsely swearing in the examination already conducted, fining him the amount of the judgment, directing appellant to pay $100 a week on account of the judgment under section 793 of the Civil Practice Act, and appointing a receiver. Order reversed on the law and the facts, without costs, and the matter remitted to Special Term for hearing on the questions (1) of service on appellant of the order to show cause; (2) of the amount of actual loss to plaintiff as the result of appellant’s misconduct; (3) of the amount appellant should be directed to pay under section 793 of the Civil Practice Act. The order to show cause why appellant should not be punished for contempt was, by its provisions, required to be served personally and, if not so served, he could not be punished for contempt. (Judiciary Law, § 761; Vingut v. Sire, 163 App. Div. 529.) In view of appellant’s denial of such personal service, the matter should not have been decided merely on affidavits. Although the judgment debtor was guilty of contempt for false swearing (Civ. Prae. Act, § 788) and for failure to appear for examination on the adjourned date, there is no proof in this record to show that by reason of such misconduct plaintiff was prevented from collecting his judgment and, therefore, that there resulted an actual loss to plaintiff in a sum equal to the amount due on the judgment. Without such proof, the fine must be limited to $250, besides costs and expenses. (Judiciary Law, § 773; Moffat v. Herman, 116 N. Y. 131.) Nor is there proof to serve as a basis for a direction under section 793 of the Civil Practice Act. The question of the appointment of a receiver should await the determination of the question of service of the order to show cause. Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.