the value of between $16,000 and $17,000, but not to exceed $17,000. Samuel F. Jayne, an experienced appraiser, testified that the premises were worth between $17,000 and $18,000, and not to exceed $18,000. A witness called on behalf of the plaintiff testified that the value of the lot and the cost of producing a similar house at the present time would be $25,000. But in view of his admissions as to the cost of building materials and labor at the present time, as compared with the cost at the time that the building was erected, and as to the depreciation of the property from year to year, I do not think his testimony would warrant a finding that the value of the property at the present time would be $25,000. The best test, however, of the value of property appears to me to have been what it brought when sold under the decree and foreclosure. The charges against the property at that time amounted to $19,382.41, and the amount bid was $4,000, adding to which the amount of the first mortgage, making $18,000, left a deficiency of $1,382.41. There is no evidence that the sale was unfairly conducted, or made in such a manner as not to produce the market value; and if, as the plaintiff claims, the property had been worth $25,000, I cannot understand why it did not bring a higher price. Upon all the testimony I cannot find that the plaintiff has established by a preponderance of evidence either that she was induced to deliver the deed by any fraud of the defendant, or that she was actually injured by giving the deed. The complaint will therefore be dismissed, but without costs.

Complaint dismissed, without costs.

---

SOCIALISTIC CO-OP. PUB. ASS'N v. KUHN et al.

(Supreme Court, Appellate Division, First Department. May 25, 1900.)

1. CONTEMPT—DAMAGES SUSTAINED—FINE AS COMPENSATION.
    Under Code Civ. Proc. § 2281, providing that, in a proceeding to punish for contempt, the accused found guilty may be punished by fine or imprisonment; and section 2284, declaring that if one has suffered an actual loss by such contempt, and the case is not one for which damages may be recovered, a fine sufficient to pay such damages must be imposed, the payment and acceptance of which shall constitute a bar to an action,—the fine imposed in such a case is by way of compensation to the injured party, and is not as a punishment for contempt.

2. SAME—FINE AS PUNISHMENT—VIOLATION OF INJUNCTION.
    Under Code Civ. Proc. § 2281, providing that, in a proceeding to punish for contempt, the accused found guilty may be punished by fine or imprisonment; and section 2284, declaring that, where it is not shown that one has suffered an actual loss by such contempt, a fine must be imposed not exceeding plaintiff's costs and expenses, with $250 in addition,—where defendants had violated a temporary injunction the court had power, in one proceeding, to impose a fine of $250, by way of punishment for the contempt, on each defendant violating the injunction.

Appeal from special term, New York county.

Action by the Socialistic Co-operative Publishing Association against Henry Kuhn and others to restrain defendants from publishing a newspaper. From an order adjudging defendants guilty of contempt, and imposing a fine, they appeal. Affirmed.

Argued before PATTERSON, P. J., and RUMSEY, INGRAHAM, McLAUGHLIN, and HATCH, JJ.

Benjamin Patterson, for appellants.
Simon Sultan, for respondent.

McLAUGHLIN, J. This action was brought to procure a judgment perpetually enjoining and restraining the defendants from publishing or circulating a newspaper under the name of "The People." The complaint alleged that at the commencement of the action the plaintiff was, and for a long time prior thereto it had been, publishing a newspaper under the name of "The People"; that the defendants were publishing and circulating a newspaper under the same name, and that unless they were restrained the plaintiff would sustain great and irreparable injury. The answer admitted that, under the authority of the national executive committee of the Socialistic Labor party, the defendants had printed and circulated a newspaper under the name of "The People," and alleged that they intended to continue to do so. Upon the pleadings, affidavits, and other papers, an order was made enjoining and restraining the defendants, during the pendency of the action, from printing or publishing a paper under the name of "The People"; and, the appellants herein having failed to obey this order, they, and each of them, were, on plaintiff's motion, adjudged guilty of a contempt of court, for which a fine of $250 was imposed upon each. The order adjudging them guilty of contempt, and imposing the fine, also adjudged that their acts constituting such contempt were calculated to, and did, defeat, impair, impede, and prejudice the rights and remedies of the plaintiff. It is from this order that this appeal is taken.

A most casual consideration of the record is sufficient to show that the defendants, and each of them, upon whom a fine was imposed, willfully disobeyed the order of the court, and, in defiance of its mandate, continued to publish the paper under the name of "The People." Each of them was clearly guilty of a contempt of court. Section 2281 of the Code of Civil Procedure provides, in a proceeding to punish for contempt, that if it be determined that the accused has committed the offense charged, and that it was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of the party to an action or special proceeding, the court, judge, or referee must make a final order accordingly, and direct that he be punished by fine or imprisonment, or both, as the nature of the case requires; while section 2284 provides that, if an actual loss or injury has been produced to a party to an action or special proceeding by reason of the misconduct proved against the offender, and the case is not one where it is specially prescribed by law that an action may be maintained to recover damages for loss or injury, a fine sufficient to indemnify the aggrieved party must be imposed upon the offender, and collected and paid over to the aggrieved party, under the direction of the court, and, if it is not shown that such an actual loss or injury has been produced, a fine

must be imposed, not exceeding the amount of the complainant's costs and expenses, and $250 in addition thereto, to be collected and paid in like manner. The appellants' counsel insists that under section 2284 the aggregate amount of fine imposed upon all of the defendants cannot exceed the actual loss or injury sustained by the plaintiff, by reason of the violation of the injunction, and, where such actual loss is not shown, that then the aggregate amount of fine imposed on all of the defendants cannot exceed the amount of the complainant's costs and expenses, and $250 in addition thereto; that in the order appealed from the plaintiff failed to establish the actual loss sustained, and therefore the court could not impose a fine upon the defendants, the aggregate amount of which exceeded the amount of the complainant's costs and expenses, and $250 in addition thereto. We do not think the record before us, or a proper construction of section 2284, sustains this contention. It appears from the affidavit of the president of the plaintiff (which fact is not denied by the defendants, or any of them) that the defendants have materially interfered with the plaintiff's business; that since the violation of the injunction order the circulation of the newspaper, the People, published by the plaintiff, has fallen off to the amount of about 3,000 subscribers, each of whom paid an annual subscription price of 50 cents, making an aggregate sum of $1,500 in decreased subscriptions. If the fines imposed were for the purpose of indemnifying the plaintiff against the damages sustained, it does not necessarily follow, because the order does not determine the amount of the damages, that it is therefore erroneous, since there is evidence before the court from which it can see that the plaintiff has suffered damage in excess of the amount of the fines. Clark v. Binninger, 75 N. Y. 344. Where, however, a fine is imposed for the purpose of indemnifying the aggrieved party, under section 2284 of the Code, that fine fixes the amount of the recovery, and it should be imposed in one sum, and collected as any other sum by which a party is compensated for damages sustained. This is apparent from the fact that the payment and acceptance of such fine are made, by the section, a bar to an action to recover damages for loss or injury. In other words, in that case, the fine imposed is by way of compensation to the injured party, and not as a punishment for a contempt of court. Here it is apparent that the fine was imposed, not as compensation to the plaintiff for the damage sustained by it, but as a punishment to the defendants for disobeying the order; and the court had the power, under section 2284, to impose the fine which it did upon each one. The contempt of each one was a separate act, for which he alone was responsible. If a separate proceeding had been instituted against each of these defendants, to punish for contempt, and each had been found guilty, no one would seriously contend but what the court would have the power to impose a fine upon each to the extent of $250; and the fact that only one proceeding was instituted does not and cannot change the legal effect of this section. The fact is, each of these defendants had willfully violated an order of the court, each was guilty of a contempt of court, and each was punished by a fine for that contempt.

In imposing the fine the learned trial justice sitting at special term did not exceed the authority given to him by statute.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements.    All concur.