SMITH, Respondent, v. PECK, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 22, 1900.) Action by Caroline M. Smith against Arthur R. Peck. No opinion. Judgment affirmed, with costs.

SMITH, Appellant, v. SCHERMERHORN et al., Respondents. (Supreme Court, Appellate Division, Third Department. June 28, 1900.) Action by Harriet S. Smith against Lucy J. Schermerhorn and others. No opinion. Motion denied, with costs. See 64 N. Y. Supp. 1149.

SMITH, Respondent, v. SECOND NAT. BANK OF NEW YORK, Appellant. (Supreme Court, Appellate Division, First Department. June 22, 1900.) Action by Charles A. Smith, as ancillary administrator, against the Second National Bank of New York. J. Notman, for appellant. D. Seymour, for respondent. No opinion. Judgment affirmed, with costs, on the authority of 70 Hun, 357, 24 N. Y. Supp. 419.

SOCIALISTIC CO–OP. PUB. ASS'N v. KUHN et al. (Supreme Court, Appellate Division, First Department. June 15, 1900.) Action by the Socialistic Co-operative Publishing Association against Henry Kuhn and others. No opinion. Motion for leave to go to the court of appeals granted. See 60 N. Y. Supp. 1148; 61 N. Y. Supp. 1148; 63 N. Y. Supp. 1116; 64 N. Y. Supp. 930, 933.

SOLAR CARBON & MANUFACTURING CO., Respondent, v. MATTHIESON ALKALI WORKS, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 12, 1900.) Action by the Solar Carbon & Manufacturing Company against the Matthieson Alkali Works.

PER CURIAM. Interlocutory judgment affirmed, with costs, with leave to the defendant to withdraw its demurrer and answer upon payment of the costs of the action and of this appeal.

SPENCER, Appellant, v. GRAND LODGE A. O. U. W. OF STATE OF NEW YORK, Appellant, et al. (RANSOM et al., Respondents). (Supreme Court, Appellate Division, Third Department. June 28, 1900.) Action by Mary E. Spencer against the Grand Lodge of the Ancient Order of United Workmen of the State of New York, Elton T. Ransom, and Daniel V. Cothran. No opinion. Judgment affirmed on opinion delivered at trial term. 48 N. Y. Supp. 590. One bil. of costs allowed against the appellants in favor of the respondents.

SPIRIDON, Respondent, v. BRANDUS, Appellant. (Supreme Court, Appellate Division, First Department. May 25, 1900.) Action by Ludovic De B. Spiridon against Edward Brandus. A. Furber, for appellant. W. R. Beach, for respondent. No opinion. Judgment and order affirmed, with costs.

STECKLER, Respondent, v. SPERO, Appellant. (Supreme Court, Appellate Term. June 28, 1900.) Action by David Steckler against Jonas V. Spero. From a judgment in favor of plaintiff, and an order overruling a motion for a new trial, defendant appeals. Judgment reversed. Appeal from order dismissed. Louis Alexander, for appellant. David Steckler, in pro. per.

PER CURIAM. Judgment reversed, with costs, and appeal from order dismissed, with $10 costs.

STEVENS, Respondent, v. O'NEILL, Appellant. (Supreme Court, Appellate Division, First Department. June 15, 1900.) Motion for leave to go to the court of appeals. Granted. For former opinion, see 64 N. Y. Supp. 663. Jacob Fromme, for the motion. Hawes & Norman, opposed.

PER CURIAM. We think that the motion for leave to go to the court of appeals in this case should be granted; but, in view of the misconception and misstatements of the affidavits submitted on this motion (which, however, have no place in a motion of this description) as to the decision of this court, it may be proper to state exactly what was decided by the court. The jury in this case had a right to find that the plaintiff went into the defendant's store, and while looking at some goods, without the slightest ground for suspicion, was accused of having stolen one of the watches which had been placed in a tray before her (but which had in fact never been in the tray during its exhibition to her); that she was commanded to stand still until the sales girl could send for the superintendent; that, when the superintendent came up, he stated that the detective must be sent for; that, on the arrival of the detective, the facts were stated to her, and she informed the plaintiff that she had to be searched; that the plaintiff replied that, if she had to be searched, she supposed that was the only thing for her to do, if they considered her to be a common thief; and that she did not go willingly, but, being surrounded by the officials of the defendant, and being controlled by their statement that she had to be searched, she went without resistance, and was searched. The jury had a right further to find that the defendant stated that the plaintiff had suffered from the system which existed in his store; and the court held that, if a system existed in the store, to which the public were invited, which subjected them to an assault, such as the jury had a right to find was committed upon the plaintiff by the servants of the defendant in pursuance of this system, they could award punitive damages,—there being not the slightest ground for suspicion against the plaintiff. The system sworn to in the affidavits submitted on this motion could never have resulted in such indignities being heaped upon a customer. Theory and practice do not seem to coincide. The motion for leave to go to the court of appeals should be granted.