CONTEMPT—FAILURE OF WITNESS TO TESTIFY—PUNISHMENT.

> Where, on a reference by a surrogate, a witness, under advice of coun-
> sel, refuses to testify, the referee has no authority to fine him for con-
> tempt, on the return day of the order, $250 and costs of all proceedings
> theretofore had, under Code, § 2284, providing that the fine to be imposed
> shall not exceed the amount of complainant's costs and expenses and $250
> in addition thereto, the costs and expenses referred to being those of the
> motion to punish for contempt, and not the entire costs of the proceed-
> ings.

In the matter of the estate of Peter Van Ness Husted. Motion
to set aside an order by a referee adjudging George S. Studwell
guilty of contempt. Order vacated.

Stephen M. Hoye, for administratrix.

Charles E. Hill, for George S. Studwell, witness.

CHURCH, S. This is a motion to set aside an order made by a
referee herein on the 23d day of October, 1901, adjudging that a

witness was guilty of contempt of court and punishing him accord-ingly. The counsel for the respective parties concede the power of this court to modify or set aside such order. The order adjudging the witness guilty of contempt for the refusal to answer the ques-tions propounded to him before the referee was not a summary or-der, as provided by section 2267 of the Code, but was made upon the return of an order to show cause, in pursuance of the provisions of section 2272 of the Code of Civil Procedure. It appears that the reference herein was being conducted under the provisions of sec-tions 2707, 2708, and 2709 of the Code, and that the refusal of the witness to answer was not the contumacious action of a recalcitrant witness, but was done under the advice of counsel, who was repre-senting him on the matter, contending: First, that the referee had no power to examine him as to the questions propounded to him; and that, as he had fully and frankly answered the questions on sev-eral occasions, the examination was being conducted for mere pur-poses of annoyance. Under these circumstances, for the referee herein to fine this witness to the limit of the fine permitted by sec-tion 2284 of the Code, and also fining him the entire costs of the proceedings, was, in my judgment, not only an arbitrary, but an il-legal, act. The counsel for the administratrix, and also the referee, have attempted to justify this act by claiming that it is strictly in accordance with this section of the Code, but reference to this section in no way sustains their contention, as it distinctly provides that the fine to be imposed thereby should "not exceed the amount of the complainant's costs and expenses and two hundred and fifty dollars in addition thereto." This is clearly a limitation of the fine, and not a direction as to its amount, and the reference to the "com-plainant's costs and expenses" plainly referred to the costs and ex-penses on the motion to punish for contempt, and not the entire costs of the proceeding. But even these costs and expenses are subject to taxation, and the referee has no arbitrary power to de-termine the extent of the same. The referee herein states that the costs and expenses which he fined this witness was the amount of his fees for the entire reference, and he has fixed same at the sum of $300, although an examination of the records shows that if he was taxing his fees as referee he would not be entitled to charge this sum of $300. The question of whether the referee did this for the purposes of collecting his fees is unnecessary to consider or de-cide. The referee has, however, come into court and complained of this statement, and asks the court to pass thereupon. Therefore, in passing the matter, it is sufficient to say that if this referee, in-stead of imposing upon this witness the severest penalty which (even under his own theory) he could possibly impose, had used a little more leniency towards the witness, who, he conceded, simply "re-fused to testify, solely upon the advice of counsel," he would not have been in the position where he was liable to an imputation of this sort. As the referee's action in imposing this fine in question is illegal it follows that the order adjudging the witness guilty of contempt should be vacated and set aside.

Order vacated and set aside.