(68 Misc. Rep. 497.)

ROSS et al. v. LA CAGNINA et al.

(Supreme Court, Appellate Term.   August 2, 1910.)

1. EXECUTION (§ 419*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—PUNISHMENT.

When a judgment debtor failed to appear for examination upon the return of an order in proceedings supplementary to execution, he could be fined for such contempt in the sum of $250 where no actual loss or injury to the other party was shown, and, where such loss was shown, then the fine should be sufficient to be an indemnity for it, as specifically provided by Judiciary Law (Consol. Laws, c. 30) § 773.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1202, 1204; Dec. Dig. § 419.*]

2. CONTEMPT (§ 75*)—FINE—DAMAGES.

In proceedings as for contempt to enforce civil remedies under the statute, which authorizes the court to impose a fine to indemnify a party for actual loss, because of his costs and expenses, the costs and expenses must be ascertained by the rate of compensation fixed by statute, and to indemnify for other loss the sum must be fixed upon proof of the damages sustained, according to the rules of law which apply in an action for such damages.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 258-260; Dec. Dig. § 75.*]

3. EXECUTION (§ 419*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—ORDER—SUFFICIENCY—PROOF—NECESSITY.

An order adjudging a judgment debtor in contempt of court for not appearing for examination upon the return of an order in proceedings supplementary to execution, reciting that the judgment creditor was injured by his act, and fining him accordingly, was not sufficient where the judgment creditor's damages had not been proved.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 419.*]

Appeal from City Court of New York, Special Term.

Supplementary proceedings by Marion J. Ross and another against Orazio La Cagnina and others. From an order adjudging defendant La Cagnina in contempt of court, and imposing a fine therefor, he appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Vitale & Vitale (Adolph Engel, of counsel), for appellant.
Samuel Dickstein, for respondents.

SEABURY, J.   The judgment debtor failed to appear for examination upon the return of an order in proceedings supplementary to execution, and his default was duly noted.   A motion was then made to punish him for contempt for his disobedience to said order.   This motion was granted and the judgment debtor was adjudged in contempt and fined $339.39 the amount of the judgment recovered against him.

For such disobedience the debtor was liable to punishment for contempt.   The maximum fine which could be imposed upon him as a punishment for such contempt where no actual loss or injury was shown was $250 and costs and expenses.   Judiciary Law (Consol. Laws, c. 30) § 773; Luedeke v. Coursen, 3 Misc. Rep. 559, 23 N. Y. Supp.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
124 N.Y.S.—48

314. If his disobedience did in fact cause loss or injury to the judgment creditor, the debtor could be fined a sum sufficient to indemnify the aggrieved party for the actual amount of the damage or loss which his disobedience caused the judgment creditor. Judiciary Law, § 773. Such a fine may be imposed for the purpose of indemnifying the person aggrieved, and must be based upon proof of the damage actually sustained. Sudlow v. Knox, 7 Abb. Prac. (N. S.) 411; Dejonge v. Brenneman, 23 Hun, 332; Clark v. Bininger, 75 N. Y. 344; King v. Flynn, 37 Hun, 329; Moffat v. Herman, 116 N. Y. 131, 22 N. E. 287; Fisher v. Rabb, 81 N. Y. 235; First Nat. Bank v. Fitzpatrick, 80 Hun, 75, 30 N. Y. Supp. 15; Dailey v. Fenton, 47 App. Div. 418, 62 N. Y. Supp. 337; Socialistic Ass'n v. Kuhn, 51 App. Div. 579, 582, 64 N. Y. Supp. 930; Fall Brook Coal Co. v. Hecksher, 42 Hun, 534. A fine for "loss or injury" to a person can only be imposed upon proof of such loss and assessment of damages, and cannot be arbitrarily imposed without regard to the legal loss or indemnity required. Gallagher v. O'Neil (City Ct.) 3 N. Y. Supp. 126.

In proceedings as for contempt to enforce civil remedies under the statute, which authorizes the court to impose a fine to indemnify a party for actual loss and injury and to satisfy his costs and expenses, the costs and expenses must be ascertained by the rate of compensation fixed by statute for the services performed. The amount of the fine to indemnify for the other's loss and injury must be fixed upon proof of the damages sustained according to the rules of law and which apply in an action for such damages. The court cannot for either purpose summarily fix a gross sum in its discretion. Sudlow v. Knox, 7 Abb. Prac. (N. S.) 411. In the case before us there is no proof that the misconduct of the debtor did cause any loss or injury to the judgment creditor.

The order adjudging the judgment debtor in contempt does indeed contain such a recitation, but recitals in an order without proof to sustain them are of no effect. It appears from the order appealed from that the fine was imposed not merely as a punishment for the disobedience of the judgment debtor, but to indemnify the judgment creditor for the loss which such disobedience is alleged to have inflicted upon the judgment creditor. In the absence of evidence showing such loss, the order was without legal foundation. In Fall Brook Coal Co. v. Hechsher, supra, the court considered a similar case, and Daniels, J., said:

"To sustain the imposition of a fine for loss or injury, the fact of the existence of the loss must first be proved by legal evidence. Without such proof, no authority exists for fining the delinquent party to compensate such loss. And the fine in this case was imposed not by way of punishment, but wholly by way of indemnity, and for that it is devoid of all legal foundation."

Order reversed, with $10 costs and disbursements. All concur.