EIGENMACHT v. HERTER.

(Supreme Court, Appellate Term. November 24, 1911.)

EXECUTION (§ 419*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT OF COURT—PUNISHMENT.

Where a judgment creditor has not suffered any actual loss from the misconduct of the judgment debtor in violating an order in supplementary proceedings, the trial court must in its discretion determine the amount of the fine for contempt; and where the amount is based on an erroneous finding of actual loss, the court on appeal will not fix the amount, but will reverse the case, to enable the trial court to exercise its discretion.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1202, 1204; Dec. Dig. § 419.*]

Appeal from City Court of New York, Special Term.

Supplementary proceedings by Simon Eigenmacht, judgment creditor, against Peter Herter, judgment debtor. From an order of the City Court of the City of New York, adjudging the debtor guilty of contempt of court, and directing that on his failure to pay $448.15 he shall be committed to jail, he appeals. Reversed.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

John F. Coffin, for appellant.

Bernard L. Karliner, for respondent.

PER CURIAM. The justice at Special Term has adjudged that the judgment debtor is guilty of a contempt of court, and that his misconduct was calculated to and did defeat, impair, and prejudice the rights and remedies of the judgment creditor, to his actual loss and damage in the sum of $448.15, and then fined him this amount. There is no evidence to support the finding that the judgment creditor has suffered any actual loss or damage, and the order must be reversed, on the authority of Ross v. La Cagnina, 68 Misc. Rep. 497, 124 N. Y. Supp. 753.

We have not overlooked that in the case of Roos v. Treubig, 125 N. Y. Supp. 782, this court under similar circumstances, instead of reversing the order, modified it, by imposing a fine of $250 and costs. It seems to us that, where the amount of the fine is based upon an erroneous finding of actual loss and damage, this court should not undertake to fix the amount of the fine. The Special Term has the right in its discretion to determine the amount of the fine where no actual loss is shown, and the appellate court has no right to substitute its own discretion.

Order reversed, with $10 costs and disbursements.