## GOLDSMITHS & SILVERSMITHS CO. v. HAAS.

(Supreme Court, Appellate Term. March 21, 1912.)

1. EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT.

An order punishing a judgment debtor for contempt for not appearing for examination in supplementary proceedings must, under the statute, recite that the debtor's act was calculated to defeat or prejudice the judgment creditor's rights; Code Civ. Proc. § 767, as amended by Laws 1911, c. 368, authorizing a "short form order," not excusing the absence of such recital.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. § 418.*]

2. EXECUTION (§ 419*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—EXCESSIVE FINE.

Where the judgment debtor, in her affidavit opposing the creditor's motion to punish her for contempt for not appearing for examination in supplementary proceedings, explained her absence and offered to appear at any time for examination, and showed that she could be easily served at her residence, and it was not claimed that she attempted to conceal herself, a fine of $250 was excessive; a proper fine being $50, in addition to the costs and expenses of the motion.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1202, 1204; Dec. Dig. § 419.*]

3. EXECUTION (§ 417*)—SUPPLEMENTARY PROCEEDINGS—PUNISHMENT FOR CONTEMPT.

That the judgment creditor was not caused actual loss by the debtor's failure to appear for examination in supplementary proceedings would not prevent the imposition of a fine upon the debtor, pursuant to Judiciary Law (Consol. Laws 1909, c. 30) § 773 (formerly Code Civ. Proc. § 2284), upon determining, as required by section 770 (formerly Code Civ. Proc. § 2281), that the debtor's act was calculated to prejudice the judgment creditor's rights.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. § 417.*]

Appeal from City Court of New York, Special Term.

Action by the Goldsmiths & Silversmiths Company against Anna Haas. From an order granting plaintiff judgment creditor's motion to punish the judgment debtor for contempt for not appearing for examination in supplementary proceedings, defendant appeals. Reversed, and motion remitted for further proceedings.

The fine imposed upon the judgment debtor was $250.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Jesse S. Epstein, for appellant.

Hays, Hershfield & Wolf (Stanleigh P. Friedman, of counsel), for respondent.

BIJUR, J. [1] The order appealed from contains no recital to the effect that the offense charged "was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies" of the judgment creditor. The absence of a recital to this effect is fatal to the order. Obermeyer v. Adisky, 123 App. Div. 272, 274, 107 N. Y. Supp. 949; Guerrier v. Merrill, 135 App. Div. 46, 119 N. Y. Supp. 895. I find nothing in the amendment of section 767 of the Code (Laws 1911, c. 366), "Definition and form of an order," to affect this determination. The mere authorization of what has come to be known as a "short form order" does not excuse the omission of the recital of a determination of a substantive factor of the issues involved.

[2] It may be remarked, also, that the amount of the fine appears excessive. The judgment debtor, in her affidavit in opposition, explains her absence, and offers to appear any time for examination. There is no intimation that she has endeavored to evade service or conceal herself in any way. On the contrary, it appears that her residence is well known, and that it was and is easy to find and serve her. Under the circumstances, a fine of $50, plus the costs and ascertained expenses of the motion, would have been sufficient. Matter of Husted, 37 Misc. Rep. 237, 75 N. Y. Supp. 252; Reynolds v. Gilchrest, 9 Hun, 203; Kreiser v. Kitaoka, 36 Misc. Rep. 174, 73 N. Y. Supp. 164; Leonard v. Jacobson, 27 Misc. Rep. 325, 57 N. Y. Supp. 818.

[3] The fact that no actual loss to the creditor was shown to have been incurred does not prevent the imposition of the fine, under section 773 of the Judiciary Law (Consol. Laws 1909, c. 30; formerly Code, § 2284), provided it appear and be adjudicated under section 770 (formerly section 2281 of the Code) that the offense was "calculated to, or actually did, defeat, impair, impede or prejudice the rights or remedies" of the judgment creditor. People ex rel. Springs v. Reid, 139 App. Div. 551, 554, 555, 124 N. Y. Supp. 205. See, also, Ross v. La Gagnina, 68 Misc. Rep. 497, 124 N. Y. Supp. 753; Matter of Seitz, 56 Misc. Rep. 616, 107 N. Y. Supp. 593.

Order reversed, with $10 costs and disbursements, and motion remitted to the court below for appropriate action. All concur.