(93 Misc. Rep. 525)

## AMENDOLA v. ZEMA.

(Supreme Court, Appellate Term, First Department. February 15, 1916.)

1. CONTEMPT ⊂⟞75—PUNISHMENT—FINE—NECESSITY OF DAMAGES.

Judiciary Law (Consol. Laws, c. 30) § 770, provides that, if it is determined that accused has been guilty of contempt calculated to or which actually did defeat or prejudice the rights of a party to an action, the court must make a final order directing that he be punished. Section 773 provides for a fine sufficient to indemnify the aggrieved party, if an actual loss has been produced by the offender's misconduct, and that where it is not shown that such an actual loss has been produced a fine must be imposed, not exceeding the amount of the complainant's costs and expenses and $250 in addition thereto. *Held*, that proof of actual damage is not required to warrant a fine in a sum not exceeding $250, but it must appear that the act complained of was calculated to defeat, impair, or impede some right or remedy of a party.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 258–260; Dec. Dig. ⊂⟞75.]

2. CONTEMPT ⊂⟞75—ACTS CONSTITUTING—NONAPPEARANCE FOR EXAMINATION IN SUPPLEMENTARY PROCEEDINGS.

A judgment debtor was examined in supplementary proceedings on two different days, and at the conclusion of the last hearing signed a consent to a further adjournment until October 23d. He had an imperfect knowledge of the English language, and testified in Italian; his testimony being translated by the judgment creditor's attorney into English and written down by him. He was unrepresented by an attorney, and understood that he was signing his deposition taken on the hearing. He was earning only $8 a week, had a wife and four children, and had no property subject to execution; and it did not appear that any adjournment was necessary. On October 25th he first learned that a hearing had been fixed for the 23d, and immediately communicated with the creditor's attorney, and offered to appear at any time for further examination, but this offer was refused. *Held*, that his acts were not calculated to and did not defeat any remedy of the judgment creditor, and the imposition of a fine for $77.90 (the amount of the judgment), with costs, was erroneous, since, while the willful disobedience of the lawful mandates of the court should be punished, accidental and unintentional violations should not be visited by such severe discipline.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 258–260; Dec. Dig. ⊂⟞75.]

Appeal from City Court of New York, Special Term.

Summary proceedings by Gaetano Amendola against Matteo Zema. From an order adjudging him in contempt, the judgment debtor appeals. Reversed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

George Edwin Joseph, of New York City, for appellant.
Nicholas Selvaggi, of New York City, for respondent.

WEEKS, J. In proceedings supplementary to execution herein a motion was made to punish the judgment debtor for contempt based upon the following grounds: (1) Failure to appear upon an adjourned day for examination; (2) for giving false testimony; and (3) for disposing of property in violation of the injunction order.

The order made upon the hearing, and appealed from, eliminated the two last-named grounds, and for failing to appear for examination adjudged that such failure "did defeat and impede and prejudice the rights and remedies of the judgment creditor herein, to his actual damage of the sum of $77.90" (the amount of the judgment), and fined him that amount, together with $20 costs of the proceeding. The material facts are as follows:

[1, 2] The judgment debtor was served with an order on October 4, 1915, requiring him to appear and be examined concerning his property on October 5, 1915. He duly appeared on that day and was examined at considerable length, and the examination was adjourned until October 16th. On that day he again appeared and was examined for some time. His examination was in Italian, and his testimony was translated by the plaintiff's attorney into English and written down by him. At the conclusion of this last examination the debtor was requested to sign some paper, which he swears he supposed was his deposition taken upon the hearing. It appears, however, that what he did sign was a consent to a further adjournment of the examination until October 23, 1915. He was not represented by an attorney at any of the hearings. Upon Monday, the 25th of October, he learned for the first time that a hearing had been fixed for the 23d and that he was in default. He immediately communicated with the attorney for the judgment creditor, and gave him the reason for his nonappearance at the hearing, and offered to appear at any future time for further examination. The creditor's attorney refused to accept any excuse or explanation. These facts were not disputed.

The debtor urges upon this appeal that, there being no proof of actual loss to the creditor, the order was improperly granted. The right to impose a fine as a punishment for a contempt without proof of actual damage in a sum of not exceeding $250 in cases of this kind is well settled. The case of People ex rel. Springs v. Reid, 139 App. Div. 551, 124 N. Y. Supp. 205, is decisive of the question. The court in that case, after citing section 773 of the Judiciary Law, said:

"The plain language of the statute must be given effect, notwithstanding the fact that many judges, in discussing contempts in general, or on facts quite different from those now before the court, have expressed the opinion that actual damages must be shown in every case."

The court in that case, however, also said:

"It must, * * * in all cases, be shown and adjudged that the misconduct or violation of duty was such that it *might* have defeated, impaired, impeded, or prejudiced a right or remedy of a party, and that it either was *calculated to*, or in fact did, do so. When this is shown and duly determined by the court, there is a basis for a fine to the extent of $250 and the costs and expenses of the special proceeding."

In Goldsmiths' & Silversmiths' Co. v. Haas, 76 Misc. Rep. 210, 134 N. Y. Supp. 602, the court said:

"The fact that no actual loss to the creditor was shown to have been incurred does not prevent the imposition of the fine under section 773 of the Judiciary Law * * * provided it appear and be adjudicated under section 770 * * * that the offense was 'calculated to, or actually did, defeat,' etc."

From these cases it is clear that, while actual damages to the creditor need not be shown, nevertheless "it must appear" that the act of the judgment debtor either did, or was calculated to, defeat, impair, or impede some right or remedy of the creditor. Examining the undisputed facts in the case at bar, none of the essential elements are shown to authorize the amount of the fine imposed. The debtor had appeared upon two occasions, and had been fully examined, and it conclusively appeared that he had no property subject to execution or that could be reached to satisfy the judgment. He was the driver of a market truck, earning $8 per week. He had a wife and four children; his sons paying the rent. He had a very imperfect knowledge of the English language, and it is not disputed that he believed, when he signed the paper, which afterwards proved to be an adjournment of the hearing, that he was signing his deposition taken upon such hearing, and that his examination was closed. Nobody then informed him that he was signing a consent that the examination might be further adjourned, nor does it appear that such adjournment was at all necessary. Immediately after ascertaining that his examination had been set for October 23d, he voluntarily offered to again appear at any time to suit the convenience of the creditor's attorney. Only one day elapsed, and that day was Sunday, between the date set for the debtor's examination and his offer to again appear. There is an utter absence of even an appearance of an intent to violate any order of the court, and there is nothing whatever from which it can even be inferred that his conduct in any way "might have defeated, impeded, or impaired the rights or remedies of the creditors, or that his acts were calculated to or did so." Willful disobedience of the lawful mandates of the court should be subjected to just punishment, but accidental and unintentional violations should not be visited by such severe discipline.

Order reversed, with $10 costs and disbursements, to be set off against the judgment, and the judgment debtor directed to appear for further examination at a future date to be fixed by the justice of the lower court granting the order. All concur.