Homer E. Ross, Respondent, *v.* Thousand Island Park Association and Harvey Wilson Kreuzburg, Appellants.

*Fourth Department, November 29, 1922.*

Contempt — defendants enjoined from selling ice cream in violation of terms of plaintiff's lease from corporation defendant — proof does not show that individual defendant, president of corporation, violated injunction order — fine of $100 imposed on corporation defendant payable to plaintiff was proper under Judiciary Law, § 773, though damage not shown — defendant corporation liable for acts of employees who violated injunction.

In a proceeding to punish the defendants for contempt of court in violating an injunction order restraining them from selling ice cream and soda water at Thousand Island Park contrary to the terms of a lease of a building by the corporation defendant to the plaintiff, the affidavits did not establish that the individual defendant, who was the president of the corporation defendant, violated the injunction or that he authorized any of the alleged sales of ice cream or had any knowledge thereof but on the contrary it was shown that the sales were against his instructions, and, therefore, the order adjudging the individual defendant guilty of contempt should be reversed.

It was within the power of the court, under section 773 of the Judiciary Law, to fine the corporation defendant $100 and to direct the same to be paid to the plaintiff, although plaintiff did not show that he had suffered any damage as the result of the violation of the injunction order.

A party disobeying an injunction can be punished for civil contempt, if his action might or was calculated to defeat, impair, impede or prejudice the rights of a party, even though his action did not in fact accomplish that result.

The defendant corporation is responsible for the acts of its employees in selling ice cream in violation of the injunction order.

Appeal by the defendants, Thousand Island Park Association and another, from an order of the Supreme Court, made at the Jefferson Special Term and entered in the office of the clerk of the county of Jefferson on the 23d day of August, 1922, adjudging the defendants guilty of contempt of court in having willfully violated an injunction order.

*Nottingham, Clymer, Smith & Kingsley* [*Edwin Nottingham* of counsel], for the appellants.

*Cobb, Cosgrove & Kimball* [*Henry J. Kimball* of counsel], for the respondent.

Clark, J.:

The defendant Thousand Island Park Association is a corporation owning what is known as the Thousand Island Park in Jefferson county, in which are located cottages and other buildings which it rents to tenants, and it has the right to, and does, regulate the sale of commodities on its said property. Defendant Harvey W. Kreuzburg is president of the corporation.

In July, 1919, the association leased to plaintiff a room and basement in one of its buildings at the Thousand Island Park for the seasons of 1919, 1920, 1921, 1922 and 1923, to be occupied by plaintiff " for the manufacture and exclusive sale " of several articles, including ice cream.

By the lease between the parties the association reserved the right to permit the Thousand Island Park Golf Club to sell ice cream to its members and guests, but in the " then present Golf Club house only."

Plaintiff agreed to pay as a rental for said premises and for such privileges $500 for each season, and he has always paid his rent in accordance with the terms of the lease.

Since the lease between the parties was executed defendant association has established a tea room at its park, and has operated it, and since July, 1921, has sold in said tea room ice cream, and as claimed by plaintiff such sales were made in violation of the terms of the lease to his damage.

Plaintiff thereupon brought an action to restrain defendants from selling ice cream, candy, soda water and other articles at said park. Defendants answered and admitted such sales, but deny that they were an infringement on any of the rights and privileges granted to plaintiff by his lease.

On the 28th day of July, 1921, an order was made by the county judge of Jefferson county restraining defendants from selling candy, gum, sherbets, ices, soda water and ice cream at said Thousand Island Park until further order of the court, and restraining defendants from permitting others to sell such articles at said park, except as such right was reserved in the lease between the parties for sales of ice cream at the Thousand Island Golf Club house.

That injunction order was subsequently modified by an order of the Supreme Court, Special Term, so as to permit defendants to sell ice cream and soda water with regular meals, or with a *bona fide* meal, but without extra charge for such ice cream and soda water, and that such ice cream and soda water should not be given away.

Plaintiff claims that defendants violated the injunction as modified, and on various occasions sold ice cream without a regular

meal, and not in response to a *bona fide* request for a *bona fide* meal, and for which sales separate charges were made, and plaintiff on the 20th day of July, 1922, procured an order for defendants to show cause why they should not be punished for contempt for failure to obey the injunction order. On the return of the order to show cause affidavits were read by each party, and on the 19th day of August, 1922, an order was made adjudging defendants guilty of contempt for their failure to observe the provisions of the injunction, and they were fined $100 and $10 costs. Defendants appeal from said order.

The affidavits did not establish that defendant Kreuzburg individually violated the injunction, or that he authorized any of the sales of ice cream complained of, or that he had any knowledge of such sales. On the contrary, it appears that if any such sales were made, they were made contrary to his instructions. There were no facts shown to connect him personally with any of these sales, and his conviction of contempt was improper, and the determination in so far as it adjudges defendant Harvey W. Kreuzburg guilty of contempt should be reversed.

The order appealed from recites that on the 4th, 8th and 13th of July, 1922, the defendants *willfully* violated the injunction order granted on the 28th day of July, 1921, and subsequently modified, by selling ice cream without a regular meal, and not in response to a *bona fide* request for a *bona fide* meal, and for which a separate charge was made, and it further recites that by reason of such sales of ice cream, plaintiff's sales of ice cream have been lessened, and he has lost the profits thereon, and has been damaged thereby. The order adjudged that said " misconduct [of defendants] was calculated to and did impair, defeat, prejudice and impede the rights and remedies of plaintiff," and they were accordingly adjudged in contempt, and fined $100, with $10 costs, payable to the plaintiff, or his attorneys.

The order does not specify the actual loss or injury of plaintiff, nor any items from which the amount of such damages could be computed, and no facts are shown in the affidavits tending to establish that because of defendants' sales of ice cream in violation of the injunction order plaintiff's sales had been lessened, or that he had lost profits or suffered damages.

The court could not impose a fine on defendants with the idea of compensating plaintiff for damages which had not been established. But the court was not without power to punish for contempt a party who had disobeyed its mandate. (*People ex rel. Springs* v. *Reid*, 139 App. Div. 551; *Mutual Milk & Cream Co.* v. *Heldt*, 123 id. 509; Judiciary Law, § 753.)

In the case of *People ex rel. Springs* v. *Reid* (*supra*) respondent had been subpœnaed to attend a Trial Term of the Supreme Court in the city of New York as a witness on behalf of defendants, and he had failed to appear pursuant to the command of the subpœna. The case was tried and defendants were successful, so respondent's refusal to attend as a witness did not in fact defeat, impair, impede or prejudice the rights of defendants in that action. The court, however, found that respondent's failure to obey the subpœna was *calculated* to defeat, impair, impede and prejudice the rights of the defendants, but refused to punish respondent for contempt inasmuch as defendants had not been damaged or prejudiced. On appeal the Appellate Division reversed the Special Term, holding that while respondent could not have been fined with the view of compensating relators for actual damages sustained because of failure to obey the subpœna, the court should have adjudged him in contempt, and imposed a fine of the costs of the proceeding, and a further sum, within the limits prescribed by law, sufficient to compel respect for the dignity of the court.

A party disobeying a mandate of a court can thus be punished for a civil contempt, if his action might, or was calculated to defeat, impair, impede or prejudice the rights of a party, even though his action did not in fact accomplish that result.

In the case of *Mutual Milk & Cream Co.* v. *Heldt* (*supra*) a defendant had been enjoined from serving milk or cream to any of plaintiff's customers during the pendency of the action. He violated the injunction by delivering milk to three of such customers, and a motion was made at Special Term to punish him for contempt, which motion was denied. On appeal the order was reversed, and a fine was imposed, the court holding that even though the damages resulting from his violation of the terms of the injunction were slight, his violation of the injunction order could not be ignored.

The order in this case recited that defendants had willfully violated the terms of the order, and if that was so it would be a criminal contempt, and any fine imposed would go into the public treasury, the fine being a punishment of the offender. (*Eastern C. S. Co.* v. *B. & M. P. I. U., Local No. 45,* 200 App. Div. 714.)

But the order in the instant case can be sustained as to the Thousand Island Park Association on the theory of a civil contempt even though it is not shown that defendants' violation of the injunction order resulted in an actual loss to plaintiff, so long as the fine does not exceed the amount of plaintiff's costs and expenses and $250 in addition thereto. (*Matter of Husted,* 37 Misc. Rep.

237; Judiciary Law, § 773; *Moffat* v. *Herman*, 116 N. Y. 131; *Socialistic Co-operative Pub. Assn.* v. *Kuhn*, 164 id. 473.)

The fine imposed in the order appealed from was within that limitation, and the corporation can be held responsible for the acts of its employees in selling ice cream in violation of the injunction. (*Schieffelin* v. *Hylan*, 191 App. Div. 324.)

The order should, therefore, be reversed in so far as it adjudges Harvey W. Kreuzburg personally in contempt, and imposes a fine therefor, and the motion in that regard is denied; but in so far as it adjudges defendant Thousand Island Park Association guilty of contempt, and imposes a fine, the order should be affirmed, without costs to any party.

All concur.

The order is reversed in so far as it adjudges Harvey W. Kreuzburg personally in contempt, and imposes a fine therefor, and the motion in that regard is denied; but in so far as it adjudges defendant Thousand Island Park Association guilty of contempt, and imposes a fine, the order is affirmed, without costs to any party: