Chandler S. Knight, J.
This motion is for an order adjudging the Amsterdam Savings Bank in contempt for allowing a judgment debtor, John Bipley, on the 3d day of July, 1957, to withdraw the sum of $6,279.95, which he had in an account in said bank, after said bank had been served, on the 1st day of July, 1957, with a subpoena for the examination of the Amsterdam Savings Bank, as a third party, containing an indorsement of section 781 of the Civil Practice Act enjoining the transfer of funds in its possession belonging to said judgment debtor.
The judgment debtor’s account in that bank is not “ jacketed ” to prevent payment from the account. The officer of the bank upon whom the subpoena was served stated in his affidavit that he was very busy and merely noted when the subpoena was returnable but did not read ‘1 the fine print at the bottom of the subpoena ’ ’. He admits the said payment to the judgment debtor but denies that the payment was willful, deliberate and an intentional violation and that the payment was ‘1 unintentional and resulted from the process server not calling of deponent’s attention to said fine print on said subpoena ’ ’.
The affidavit of the attorney for the judgment creditor, L. James Bisedorph, states that on or about the 27th day of August, 1957, the judgment debtor paid the sum of $4,500 to the judgment creditor. The papers on this motion do not reveal the source of those funds.
It is provided in section 801 of the Civil Practice Act that whoever violates the provisions of section 781 of the Civil Practice Act indorsed upon a subpoena may be punished for contempt as *633 provided in the Judiciary Law. Section 770 of the Judiciary Law provides that:“ If it is determined that the accused has committed the offense charged; and that it was calculated to, or actually did, defeat, impair, impede or prejudice the rights or remedies of a party to an action or special proceeding, brought in the court, or before the judge, * * * the judge * * * must make a final order accordingly, and directing that he be punished by fine or imprisonment ’ ’. Section 773 of the Judiciary Law, provides that “If an actual loss or injury has been produced to a party to an action or special proceeding, by reason of the misconduct proved against the offender, and the case is not one where it is especially prescribed by law, that an action may be maintained to recover damages for the loss or injury, a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected, and paid over to the aggrieved party, under the direction of the court ”.
The judgment recovered by L. James Risedorph against the said John Ripley on the 11th day of June, 1957, amounted to the sum of $10,126.07. The moving affidavit stated that on the 27th day of August, 1957, after the said John Ripley withdrew the sum of $6,279.95 on the 3d day of July, 1957, he paid the plaintiff the sum of $4,500 on account of the judgment. The said affidavit also states that a proceeding is pending to collect an additional sum of $1,250.75 from the account of said John Ripley in the State Bank of Albany. There is no statement or proof in this record to show the amount of the balance due on said judgment. The said moving affidavit merely states that “ if the judgment creditor was paid the full amount of the sum of $6,279.95 on deposit in the Amsterdam Savings Bank and also applied the funds on deposit in the State Bank of Albany, the judgment creditor herein would not have been paid the full amount of the judgment ’ ’. What then is the balance due on the judgment? Does the judgment debtor have other assets? Were other assets of the judgment debtor collected by the judgment creditor? The court may not speculate on these questions. “ It is well settled that under this section of the Code the amount of the fine to be imposed for the purpose of indemnifying the person aggrieved must be based upon proof of the damage actually sustained.” (Moffat v. Herman, 116 N. Y. 131, 134.) There is no proof that the alleged misconduct of said bank prevented the collection of any or all of the balance due on said judgment.
The judgment creditor on this motion seeks to punish the Amsterdam Savings Bank for contempt and for an order requiring it to pay the fine of $6,279.95. That amount added to said *634 sum of $4,500 and said sum of $1,250.75 would make a total of $12,030.70, which is considerably more than the amount of the judgment and there is no proof as to whether or not the judgment creditor has received some other payments on account of his judgment.
Here, as in Stark v. Kessler (277 App. Div. 1122) “ There is no proof in this record to show that by reason of such misconduct plaintiff was prevented from collecting his judgment and, therefore, that there resulted an actual loss to plaintiff in a sum equal to the amount due on the judgment.” Consequently, if the court found that the bank was guilty of contempt where an actual loss or injury has not been shown, the court could impose a fine not exceeding the complainant’s costs and expenses and $250 in addition thereto. (Judiciary Law, § 773.)
Upon the proof submitted on this motion the court finds that the act or failure to act by the Assistant Treasurer of the Amsterdam Savings Bank, upon whom the subpoena was served, and the teller of said bank who permitted the withdrawal of said sum of $6,279.95, was not intentional, deliberate or willful and that it was evidently due to inadvertence or lack of understanding, since neither said bank nor said employees could profit by their act (Matter of Rose Co. v. Tompkins & Bevers, 248 App. Div. 605). “Willful disobedience of the lawful mandates of the court should be subjected to just punishment, but accidental and unintentional violations should not be visited by such severe discipline.” (Amendola v. Zema, 93 Misc. 525, 529; Lanact Corp. v. McDowell, 95 N. Y. S. 2d 734.)
The motion to adjudge the Amsterdam Savings Bank in contempt is, therefore, denied without costs.