■ In the Matter of JOHN RIPLEY, Respondent, v. L. JAMES RISEDORPH, Appellant. — MEMORANDUM BY THE COURT. Appeal by a judgment creditor from an order of the County Court of the County of Montgomery which denied his motion for an order punishing the third party, Amsterdam Savings Bank, for contempt. The judgment creditor having recovered a judgment for $10,126.07 against the judgment debtor on June 11, 1957 thereafter served on Amsterdam Savings Bank a third-party subpoena with the restraining provision of section 781 of the Civil Practice Act indorsed thereon. It appears without dispute that on the date of the service of the subpoena there was on deposit in the bank the sum of $6,279.95 in an account reading: " John Ripley or Elizabeth Ripley, as joint tenants, either to draw, survivor to take all ", the entire proceeds of which were permitted to be withdrawn by the judgment debtor after the service of the subpoena. The supporting affidavit alleged that such payment by the bank " was a wilful, deliberate and intentional violation of said restraining provision endorsed thereon pursuant to Section 781 of the Civil Practice Act ". There is no proof in the record which supports these allegations. To the contrary, the evidence demonstrates that the paying of the money on deposit to the judgment debtor in violation of the subpoena was due to the inadvertence and oversight of a bank employee. It appears that shortly after the withdrawal of the funds in the joint account, to the proceeds of which the judgment debtor presumably was entitled to only one half, he paid to the judgment creditor under pain of continued incarceration for contempt the sum of $4,500 as to the source of which "particularly as to whether any part thereof was comprised of moneys paid to the judgment-debtor by Amsterdam Savings Bank" the moving affidavit alleges that neither the judgment creditor nor his attorney has any knowledge or information sufficient to form a belief. In the circumstances of this case we agree with the court below that the facts do not warrant a finding of contumacious conduct on the part of respondent bank. (*Lanact Corp. v. McDowell*, 95 N. Y. S. 2d 734.) Order affirmed, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur. [37 Misc 2d 631.]