OPINION OF THE COURT
Morrie Slipkin, J.
In this case of first impression, the issue is whether a party not ordinarily entitled to a statutory stay pending appeal is entitled to reap the benefits thereof when such a stay is obtained by a codefendant. The issue has been raised in an application by plaintiffs to hold defendant Payton in contempt of court.
Defendant Frank Payton is the vice-president and director of New York Living Centers, Inc. ("Living Centers”). Living *330 Centers is a not-for-profit corporation organized for the purpose of providing care, treatment, training and residence to the mentally retarded. Until the end of 1979, it was licensed by the State of New York to operate certain premises, owned by the State and known as the Sherry House, as a community residence for mentally retarded adults. The Sherry House and other residences are operated by Living Centers pursuant to contracts with the defendant Office of Mental Retardation and Development Disabilities of the State of New York.
By order dated August 1, 1979, Special Term granted plaintiffs’ motion for a preliminary injunction, thereby restraining defendants "from in any manner continuing to operate a community home for retarded adults on the premises known as Sherry House”. The order then stayed the injunction for 45 days after service on defendants.
The State defendants filed a notice of appeal from the order, thereby obtaining an automatic stay pursuant to CPLR 5519 (subd [a], par 1). Payton, although named as a defendant in the suit, did not appear in the action, having been advised by counsel that Living Centers need not do so inasmuch as the complaint was directed against the State’s purchase of the Sherry House. Payton was present, although unrepresented, at the return of the motion for a preliminary injunction.
Inasmuch as the State agencies were entitled to continue to operate Sherry House, they continued to use Living Centers as their operating agent (the contract with Living Centers expired on Dec. 31, 1979 and was not renewed). The stay contained in Special Term’s order expired on or about September 15, 1979. By that time, the State defendants had filed their notice of appeal and thereby obtained an automatic stay of the injunction as to them. It is plaintiffs’ contention that Payton was in violation of the injunction after September 15, 1979. Payton contends, inter alla, that he should be considered a beneficiary of the stay obtained by his privileged codefendants.
It is hornbook law that the party seeking the contempt citation must establish that the offense charged was calculated to and actually did defeat, impair, impede or prejudice the rights or remedy of a party (Judiciary Law, § 753; Fischer v Raab, 81 NY 235; Ross v Thousand Is. Park Assn., 203 App Div 499). Counsel’s assertion in the moving papers that Pay-ton’s actions disregard plaintiffs’ "rights” and have caused "irreparable harm” are insufficient, conclusory, and are made *331 by one who has shown no personal knowledge of the facts. More important, however, is that logic dictates that Payton’s actions cannot have qualitatively affected plaintiffs’ rights. The parties whose affirmative activities plaintiffs seek to stop are the governmental defendants. Payton and Living Centers are merely agents of these parties. Since the governmental entities could substitute agents to operate Sherry House, it is these entities, and not Payton, who control the effect upon plaintiffs. Inasmuch as Payton can be substituted and Sherry House can be operated thereafter without any colorable violation of the injunction, it is axiomatic that Payton can in no way interfere with plaintiffs’ rights. When the State defendants filed their notice of appeal, any rights claimed by plaintiffs in the injunction became illusory.
Thus, the court holds that, for the purposes of this contempt proceeding, Payton did receive the benefit of the statutory stay automatically received by his appealing codefendants. The court does not arrive at this result by interpretation of CPLR 5519 but by its understanding of the requirements of section 753 of the Judiciary Law. The court recognizes that more complex considerations would be involved where the party obtaining the stay is not the primary party whose activities are sought to be enjoined. Whether CPLR 5519 (subd [a]) would still be construed to extend the stay to all parties (by virtue of the language "stays all proceedings to enforce the judgment or order appealed from”) need not be determined here.
The motion is denied.